**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

**Case No.: 10-21720-civ-KING (Consolidated)**
**Case No.: 11-60647-civ-KING**

**ANITA OGINSKY, PATRICIA JALETTE, HARLEY ISGUR
ANNE SMITH, PATRICK J. BUDIN,
SUSAN A. BUDIN, RICHARD SILVERMAN,
MICHAEL L. THORNTON, CHARLES L. POWELL,
MARIO SANTILLI, HOWARD COLEMAN,
LORRAINE FOX, JOHN E. ROSCOE, STEVE
PAVLIK, GRANT MOODY, RANDALL
LIPSIUS, KATTY CARON, RENE GIRARD,
SIDNEY CROSSLEY, RAYMOND J. TOUGAS,
JOHN ROSSI, DAVID GALOTTO, STEVEN
WASSERMAN, KRISHEN IYER, WILLIAM
HYLWA, DAVID WEBER, LUTHER J HAGEN
LIBBY A. HAGEN, KEN THALL, RONALD ERB,
KATHLEEN ERB, JOSHUA SWEDLUND,
LOWELL ENLOW, BARBARA ENLOW, PATRICK
SCHNEIDER, CYNTHIA STEELE, LEIGH STEELE,
JANICE KINCAID, TERRY COLE, SUSAN MOSER,
MAUREEN COCKBURN, GEORGE COCKBURN,
PAUL BATOR, ROBERT DIGIORGIO, SCOTT
CORRIDON, JERRY PARK, FRANCES DELUCA,
SAMUEL REEDER, CAMILLE REEDER, NICOLAS
MURO, REGINA MURO, JAMES KRAUSE, MARY
KRAUSE, ERIC WALLACE, CAROLYN WALLACE,
DANIEL R. HARRISON, DONALD SCHAEFER,
DEBORAH SCHAEFER, RHONDA BREWER,
YOUNG K. YOO, SUN S. YOO, ROCCO MORELLI,
CHRISTINE MORELLI, JAMES NEUBER, DENNIS
CALCATERRA, DIANA CALCATERRA, JO-ANN
DURDOCK, FADY DAKDOUK, JOHN HAY, EUGENE S.
WILLARD, ROBERTA WILLARD, B. KIM DAVIS,
DAVID GRAVES, PATRICIA GRAVES, ROBERT HURST,
SARA HURST, KIM COUTURE, PATRICK O'CONNOR,
ALICIA O'CONNOR, MARTIN GRABOSKI, MARK
LIGHT, CYNTHIA LIGHT, KAROLY SZEP, RENATA
VIDEKI, RICHARD SCOTT, DOUGLAS THACKSTON,
CYNTHIA THACKSTON, KURT MITCHELL, DONALD
WELLS, DENISE BRAITHWAITE,  JOHN WITTBOLD,
PAULETTE WITTBOLD, ROBERT SLOAN, JASON**

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

**MARTIN, SYLVIA MARTIN, JUAN CAMPOS, RANDALL SCAGLIOTTI, JAMES SOUTHCOMB, MIKE SPATARO, KRAIG MCGREGOR, PAULA BROADFOOT, LINDA ADAMS, CRAIG ADAMS, JOHN A. FRANK, TAMARA D. FRANK, MIKE CHERNICKY, GREG TWOMEY, ANN COLLARAS, RICH KLANG, THOMAS GULHEANY, JOANNA LEE SCHERER-MYERS, HOPE LAROSE, RICHARD MALEK, DEANNA MALEK, ROBERT CROWE, MICHAEL BROWN, ROBERT RUYAK, JENNIFER REUY, RICHARD KESSLER, BRUCE JOHNSON, JEFFREY AARONSON, JOSEFINA P. AARONSON, LALIT AGRAWAL, PAUL ALSAKER, SARI ALSAKER, MARY ANN AMISANO, RICHARD AMISANO, RICHARD BACHMAN, JUDY BACHMAN, ROGER BAKER, KORY BAKER, EDWARD K. BAYLOR,  JAMES BERRY, JULIA BLINDAUER, SUSAN BOWERS, DONNIE BOWERS, WAYNE BROTT,CHERYL BROTT, DARIUSZ BUJAK, MICHAEL DIGIACOBBE, MIKE CAIN, JOHN CASPER, JOHN CIULLA, PATRICIA RANSOM-CIULLA, JAMES COOK, CATHY COOPER, MARK CZOTY, ROSE CZOTY, EUGENE DESCHAMPS, LARRY DREADEN, PATRICIA DREADEN, GARY ELLINGSON, VICTORIA ELLINGSON, JASON FINNEGAN, CHRISTOPHER FIORE, TINA FORCEY, PHILIP FRIEDLAND, DAVID GRAHAM, PATRICIA GREENBURG, ROLLAND GREENBURG, ERICH HENTSCHEL, JOHN HOWARD, ROBERT JACOBSON, GERMAINE JACOBSON, DAVID JAVDAN, RIPLEY KNICKERBOCKER, HECTOR LAVANDERO, AGUSTIN LEGIDO, SERGIO LIMA, ANDREI LISHCHISHYN, GREGORY MARTIN, NILGUN MARTIN, JOHN MARTINI, JUAN MAS SARDA, ROBERT MATLAND, LOIS MCEWAN, LINDSAY MCQUATER, SHAWN MESCHKE, TODD MEYER, TIM MEYER, ROBERT MIQUELI, THOMAS MIQUELI, DIANE MIQUELI, EVERETT MORRELL, DAVID NASSER, JOSEPH NISHANIAN, VICTORIA NISHANIAN, ALEXANDER ORAEVSKY, FRANK ORKIN, TOM PERKINS, CARLA PERKINS, MELANEY PHILLIPS, AARON PLAISTED, GALE PRIZEVOITS, SHIRLEY WEPSALA, RICHARD PULSINELLI, JOHN P. OYE,**

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

**ANDREW QUESTED, LISA JEANTY,
GREGORY RASMUSSEN, DONNA RASMUSSEN,
MICHAEL REYSACK, RICHARD RYNASKI,
ROBERT M. RILEY, PETER RYDER,
VADYM SAGADIN, DARLENE SAUDARG,
JOHN SAUNDERS, WANDA SAUNDERS,
LAWRENCE SAUNDERS, WILLIAM SCHERFEL, SR.,
WILLIAM SCHERFEL, JR., RICHARD SCHOUDEL,
TAMI SCHOUDEL, MELVIN D. SHAVER,
JAY SPARKMAN, DENISE SPARKMAN,
JASON SPARKMAN, NICOLE SPARKMAN,
PAUL STROTHER, VICTORIA STROTHER,
DAVE SULLIVAN, W. CARALYN SULLIVAN,
PATRICK TOMBELAINE, JAMES MCTEIGUE,
DIANE MCTEIGUE, CLIFFORD TUDOR,
CHRISTINE TUDOR, JEFFREY TULLO,
LAURA TULLO, AMY TURNER, BRETT TURNER,
ADRIAN TUROWSKI, CAROL LAPLANTE,
JOHN TYE, SANDRA TYE, THOMAS VACCARO,
DEBRA VACARRO, EDGAR VAN CLEVE,
JOHN VAN GROUW, CATHERINE VAN GROUW,
ALEXANDER VAZQUEZ,
D. GENEVIEVE WALLACE-ROE, THERON J. ROE II,
LOUIS J. WEINSTEIN, HERBERT D. WOLFF, IV,
RUSS YORK, MARIA YORK, BRITTANIA YORK,
CHRISTOPHER YORK, ROBERT ZIBAILO,
GABRIEL SANCHEZ, PRABAKARAN
MANOHARAN, & MARILYN JACKSON**
on behalf of themselves and all others similarly situated,

> Plaintiffs,

v.

**PARAGON PROPERTIES OF COSTA RICA, LLC**
a Florida limited liability company, **PROPERTIES OF
COSTA RICA, INC.,** a Florida corporation, **PARAGON
PROPERTIES OF COSTA RICA, S.A.,** a foreign for-
profit corporation, **WILLIAM GALE, CHARLES L.
NEUSTEIN, P.A.,** a Florida corporation, **LAW
OFFICES OF CHARLES L. NEUSTEIN, P.A.,**
a Florida corporation, **CHARLES L. NEUSTEIN,
ALL STAR CONSULTING GROUP, INC.**
a Florida corporation, **BRUCE GOLDBERG,
ALLIANCE FUNDING, LLC,** a Florida limited
liability company, **SHELDEN YABLON,
MURRAY LINDER, STEPHEN TASHMAN,**

3
SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

**LARRY M. WEBMAN, PARAMOUNT
CONSULTING GROUP, INC.,** a Florida
Corporation,  **JULIAN L. SIEGEL, CHECKMATE
FINANCIAL, INC.,** a Florida corporation,
**CHESTER POTASH, JUDITH GALE,
LISA TASHMAN,** a/k/a Lisa Siegel, **SVE
PROPERTIES, INC.,** a Florida corporation,
**MARILAND TASHMAN** & **JOHN DOES 1-100,**

      Defendants.

_____/

### THIRD AMENDED CLASS ACTION COMPLAINT

      Plaintiffs, on their own behalf and on behalf of all others similarly situated, sue the

Defendants.  As their Third Amended Complaint, Plaintiffs assert and allege:

### I.  Introduction, Jurisdiction, Venue & Common Facts

      1.     This lawsuit arises from a massive land fraud orchestrated by a number of

individuals and the entities they controlled.  The exact details of the fraud remain hidden, but,

upon information and belief, the Plaintiffs know the following facts based upon the deposition

testimony of William Gale and documents obtained outside of this litigation:[1]

      a.    Paragon Properties of Costa Rica, S.A. is a Costa Rican corporation that

           supposedly purchased several hundred acres of unimproved land in remote

           portions of Costa Rica.  According to Mr. Gale's deposition testimony, it was

           100% owned by Esteban Soto, a Costa Rican national who befriended the

           Tashman family during a trip to South Florida.  Mr. Gale used Mr. Soto because,

           according to Gale, the Costa Rican property could not be marketed without a

           Costa Rican owner.  Paragon Properties of Costa Rica, S.A. was financed

           exclusively through Paragon Properties of Costa Rica, LLC, *i.e.*, the land was

---

[1]    Plaintiffs have serious doubts about the credibility of Mr. Gale's testimony.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

purchased by the S.A. but was paid for by the LLC. According to Esteban Soto, Paragon Properties of Costa Rica, S.A. is a wholly owned subsidiary of Paragon Properties of Costa Rica, LLC.

b.   Paragon Properties of Costa Rica, LLC is a Florida limited liability company that is owned in equal parts by Premier Exchange Group, Inc. and LTS Management Corporation.[2]  Mr. Gale testified that Paragon Properties of Costa Rica, LLC owned the property in Costa Rica, *i.e.*, Mr. Gale has testified under oath that both Paragon Properties of Costa Rica, S.A. and Paragon Properties of Costa Rica, LLC is the "owner" of the land in Costa Rica. Gale further testified that Paragon Properties of Costa Rica, LLC was shut down as a result of a raid by the U.S. Marshals to execute on a judgment from a Connecticut investor. All of the books and records were seized by the U.S. Marshals.

c.   Premier Exchange Group, Inc. (50% owner of Paragon Properties of Costa Rica, LLC) is owned exclusively by William Gale. Gale first testified that he was the "Chairman of the Board" of Premier, but then denied it and testified that he was "president." There are no other officers, just Gale. Premier Exchange Group, Inc. provided the original capital of almost $1,000,000 to finance Paragon Properties of Costa Rica, LLC, which then financed Paragon Properties of Costa Rica, S.A. Mr. Gale was not forthcoming about the source of the original $1M. He suggested that the original $1M was raised through sales of the Costa Rican lots, but the Costa Rican land was not yet purchased by Paragon Properties of Costa Rica, S.A.

---

[2]      When created, Paragon Properties of Costa Rica, LLC had two additional members, Inri Robles and Harry Jordan.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

d.  LTS Management Corporation (50% owner of Paragon Properties of Costa Rica, LLC) is Florida corporation that, according to Gale, is owned solely by Julien Siegel.  Gale claims that Julien Siegel is the president of LTS.  Plaintiffs believe that Lisa Tashman is the president of LTS.  It is believed that "LTS" stands for Lisa Tashman Siegel, Julien Siegel's wife and Stephen Tashman's daughter.

e.  Properties of Costa Rica, Inc. is a Florida corporation that, according to Gale, was created after the U.S. Marshals raided the Hollywood office and seized the records of Paragon Properties of Costa Rica, LLC.  According to Gale, Properties of Costa Rica, Inc. is exclusively owned by Esteban Soto.  At some point Properties of Costa Rica, Inc. was owned by Premier Realty Sales of Costa Rica, Ltd. and Michael Acton.

f.  The marketing presentation for the development "had been prescribed and approved by the Federal Trade Commission as a result of Mr. Tew's efforts."[3] The marketing presentation was monitored by an attorney named Carl A. Schmitt.

g.  Paragon Properties of Costa Rica, S.A. "hired" several sales agents to sell property on its behalf.  These sales agents were known as "Independent Sales Organizations."  The ISOs were identified to the buyers as the "sellers" of the property, except in reality that ISOs were merely sales agents for Paragon Properties of Costa Rica, S.A.  The ISOs never owned the land they were selling and were paid a commission for making sales.[4]

---

[3]     The FTC cannot confirm this statement.
[4]     All of the ISOs are Florida corporations, but claim to have some affiliation to a similarly sounding Costa Rican corporation.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

h. In early 2009, Gale created a company known as "CR Land Sales, Inc." According to Gale, this company acted merely "as an operating account." Nothing confirms the existence of an entity known as CR Land Sales, Inc.

i. According to Gale, "this [Paragon] was going to be my last hurrah. This was my last chance to make a big score."

2.    The term "Paragon" will be used to collectively describe Paragon Properties of Costa Rica, LLC and its wholly owned subsidiary Paragon Properties of Costa Rica, S.A.

3.    Paragon marketed and sold lots of vacant and unimproved land in Costa Rica. Paragon required their customers, many of whom are at or near retirement, to make substantial deposits as part of the contract for the sale of the land.  The deposits are purportedly 100% completely refundable in the event that the buyer provides written notice of intent to cancel and request for a refund.  In fact, one of the major selling points is that the deposits are 100% refundable. Paragon promised buyers that it would, at its own expense, build infrastructure of electricity and roads on the vacant land and that it would provide the buyers with title to the property within a reasonable time after the full purchase price was paid.

4.    Paragon had a standard, form contract that was used for its transactions.  A sample, blank Agreement for Deed is attached as Exhibit A.  The difference between the Agreements for Deed for different Plaintiffs was merely the purchase price, the lot number, and the name of the ISO who was selling the property as an agent for Paragon.  All of the materially false statements made by Paragon were identical and contained on these standard form contracts.

7
SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

As a practical matter, all of the Plaintiffs are similarly situated, with the only exception being the *amount* of money lost. [5]

5.       In addition, Paragon would solicit additional installment payments beyond the initial deposit by offering a discount off the final purchase price if the purchaser made the installment payment prior to the closing date.  These payments were also purportedly refundable if the transaction did not close.

6.       Paragon, like the paradise it purported to sell, is a myth.  Years after making these promises, the vacant and unimproved land remains vacant and unimproved, the deposit money and the installment payments are gone, and valid deeds have not been provided to those buyers who made their full payments.  On multiple occasions, Paragon promised its buyers refunds of their deposit money, which it is contractually obligated to make, if it could obtain additional investment money from new buyers.  That is, it offered to repay earlier investors with money obtained from new investors.  This is a classic Ponzi-scheme.

7.       The contracts, known as Agreements for Deed, are all virtually identical except various ISOs are identified as the "seller" on behalf of Paragon Properties of Costa Rica, S.A.  Some of the Agreements purport to transfer the property directly to the buyers, while other Agreements purport to transfer 100% of the shares of a Costa Rican entity to the buyer.  (*I.e.*, Paragon is purportedly incorporating business entities under Costa Rican law, and then transferring the shares of the Costa Rican company to the buyers in the United States.).  Where the Agreement purports to be a stock transfer, the stock of the Costa Rican corporation and the deed to the property are transferred to Paragon's escrow agent when the deposit is paid (not

---

[5]       There are several hundred Agreements for Deed.  In an effort to streamline the Third Amended Complaint, only a sample Agreement for Deed is being filed.  The executed Agreements can be filed with the Court if the Court so requires.

8
SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

when the transaction actually closes).  The escrow agent thus retains physical possession of the corporate books and the deed to the property pending full payment by the buyer.  In either case, the Agreement obligates Paragon to make a full refund of any monies paid if the buyer fails to make all payments due within five years of the date of the Agreement ("the five-year period"). (*I.e.*, the buyer is, theoretically, given a 100% refund at the end of the five-year period if the buyer is even $1 short of the full purchase price).  If the buyer has not paid in full at the conclusion of the five-year period, the land is retained by or re-transferred to Paragon and Paragon is entitled to keep any interest earned on the deposit money and to retain any benefit gained by the deposit money.

8.     Paragon requires deposits, theoretically 100% refundable, of at least $25,000 per lot before Paragon will even allow buyers to visit the property in Costa Rica.  Prospective buyers may not visit the property before making the deposit.

9.     Approximately 900 to 1,100 individuals were victimized by Paragon.  The transactions always involved the same form contracts, substantial upfront payments, and the guarantee that all monies paid were 100% refundable if the transaction did not close – a promise that Paragon knew it could not keep because it was transferring the funds it received to its principals and their designees, thus intentionally undercapitalizing itself.

10.    Five years after Paragon started marketing its lots, most of the transactions have not closed, and the guaranteed refunds are not forthcoming.

11.    In the few transactions that did "close," the buyers were provided what appear to be worthless documents.  For example, Named Plaintiff Paulette Wittbold retained a Costa Rican attorney to determine if the land she paid for had been transferred to her from Paragon.  It was

9
SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

not.   Based upon an inspection of Costa Rican land and corporate records, her Costa Rican

counsel concluded as of August 4, 2010:

> You have been sold a corporation that is currently hollow, has no assets registered
> to it and the legal representation was never transferred to you.  As your intent was
> to the owner NOT of a corporation (any) but ultimately of the assets that the
> corporation you purchased was to hold, this would conform FRAUD under our
> system.  It would seem that you where presented with a transfer process for the
> land that was normal under our system (purchasing a corporation that supposedly
> owned and asset), received the corporate books but that the asset was never
> transferred to this corporation, making it impossible to receive title to the land
> until Paragon decided to complete the process.

This letter is attached as Exhibit B.

12.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28

U.S.C. § 1336 (supplemental jurisdiction over state law claims).   In addition, the Court has

diversity jurisdiction over the state law claims pursuant to the Class Action Fairness Act because

at least one plaintiff and one defendant are diverse, the amount at issue exceeds $5 million, there

are over 100 Named Plaintiffs, and several of the Named Plaintiffs have claims exceeding

$75,000.00.

13.     Venue is proper because the majority of the Defendants are based in Miami-Dade

County, Florida and because the escrow agent who handled the fraudulent transactions resides in

Miami Beach, Florida.

14.     Florida law governs this lawsuit.

15.     For the convenience of the Court, a chart identifying the Plaintiffs, the ISOs who

were *nominally* selling the land on behalf of Paragon, and the money lost is attached as Exhibit

C.

## II.       Plaintiffs

10
SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

16.     Plaintiff Anita Oginsky is a resident of Corunna, Michigan.  The sellers are identified as "Properties of Costa Rica, Inc." and "Premier Realty Sales of Costa Rica, Ltda." She lost $19,100.

17.     Plaintiffs Patricia Jalette and Harley Isgur are residents of Florence, Massachusetts.  They lost the Agreement for Deed but have a letter from Neustein confirming receipt of funds. They lost $71,750.

18.     Plaintiff Anne Smith is a resident of Vero Beach, Florida.  The sellers are identified as "All Star Consulting Group, Inc.," and "All Star Consulting Group, S.R.L." She lost $82,500.

19.     Plaintiffs Patrick and Susan Budin are residents of Bellevue, Nebraska.  The sellers are identified as "Properties of Costa Rica, Inc." and "Premier Realty Sales of Costa Rica, Ltda."  They lost $41,310.

20.     Plaintiff Richard Silverman is a resident of Dallas, Texas.  The sellers are identified as "Properties of Costa Rica, Inc." and "Premier Realty Sales of Costa Rica, Ltda."  He lost $25,000.

21.     Plaintiff Michael L. Thornton is a resident of Murrells Inlet, South Carolina.  The sellers are identified as "Alliance Funding, LLC" and "Alliance Funding SRL."  He lost $47,500.

22.     Plaintiff Charles L. Powell is a resident of Mechanicsville, Virginia.  The sellers are identified as "Properties of Costa Rica, Inc," and "Premier Realty Sales of Costa Rica, Ltda."  He lost $50,000.

23.     Plaintiff Mario Santilli is a resident of Clackamas, Oregon.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  He lost $38,000.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

24.     Plaintiff Howard Coleman is a resident of Vernon Hills, Illinois.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  He lost $62,000.

25.     Plaintiff Lorraine Fox is a resident of Davie, Florida.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  She lost $115,900.

26.     Plaintiff John E. Roscoe is a resident of Vero Beach, Florida.  The sellers are identified as "Paramount International Sales of Costa Rica, SRL" and "Paramount Consulting Group, Inc."  He lost $35,000.

27.     Plaintiff Steve Pavlik is a resident of Longmont, Colorado.  The sellers are identified as "Properties of Costa Rica, Inc." and "Premier Realty Sales of Costa Rica, Ltda."  He lost $70,900.

28.     Plaintiff Grant Moody is a resident of Bluffton, South Carolina.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  He lost $25,000.

29.     Plaintiff Randall Lipsius is a resident of Jenkintown, Pennsylvania.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  He lost $81,200.

30.     Plaintiffs Katty Caron and Rene Girard are residents of Sarasota, Florida.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  They lost $30,000.

31.     Plaintiff Sidney Crossley is a resident of Newport Beach, California.  The sellers are identified as "Paramount International Sales of Costa Rica, SRL," "Paramount Consulting

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

Group, Inc.," "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc." He lost $88,450.

32.     Plaintiff Raymond J. Tougas is a resident of Honolulu, Hawaii.  The sellers are identified as "Paramount International Sales of Costa Rica, SRL," "Paramount Consulting Group, Inc.," "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc." He lost $274,000.

33.     Plaintiff John Rossi is a resident of Riverside, California.   The sellers are identified as "Checkmate Financial, Inc." and "Checkmate Realty Sales of Costa Rica SRL."  He lost $32,437.

34.     Plaintiff David Galotto is a resident of Stafford Springs, Connecticut.  He lost the Agreement for Deed but has a letter from Neustein confirming receipt of funds.  He lost $25,000.

35.     Plaintiff Steven Wasserman is a resident of Huntington Station, New York.  He lost the Agreement(s) for Deed but has a letter from Neustein confirming receipt of funds.  He lost $39,000.

36.     Plaintiff Krishen Iyer is a resident of Fresno, California.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  He lost $63,500.

37.     Plaintiff William Hylwa is a resident of Glen Cove, New York.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  He lost $103,900.

38.     Plaintiff David Weber is a resident of New York, New York.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  He lost $35,000.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

39.     Plaintiffs Luther and Libby Hagen are residents of Apple Valley, Minnesota.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  They lost $204,700.

40.     Plaintiff Ken Thall is a resident of Pompano Beach, Florida.  The sellers are identified as "Paramount Consulting Group, Inc." and "Paramount International Sales of Costa Rica SRL."  He lost $39,125.

41.     Plaintiffs Ronald and Kathleen Erb are residents of Bellevue, Washington.  The sellers are identified as "All Star Consulting Group, Inc." and "All Star Consulting Group, SRL." They lost $72,500.

42.     Plaintiff Joshua Swedlund is a resident of Belle Plaine, Minnesota.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc." He lost $35,625.

43.     Plaintiffs Lowell Enlow and Barbara Enlow are residents of Melbourne, Florida. The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  They lost $148,500.

44.     Plaintiff Patrick Schneider is a resident of Davidson, North Carolina.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc." He lost $60,000.

45.     Plaintiffs Janice Kincaid, Terry Cole, Cynthia Steele and Leigh Steele are residents of Allentown, Pennsylvania.  The sellers are identified as "Paramount International Sales of Costa Rica SRL" and "Paramount Consulting Group, Inc."  They lost $70,000.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

46.     Plaintiff Susan Moser is a resident of Morton, Washington.   The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc." She lost $144,000.

47.     Plaintiffs Maureen Cockburn and George Cockburn are residents of Hilton Head Island, South Carolina.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  They lost $35,900.

48.     Plaintiff Paul Bator is a resident of Cape Coral, Florida.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  He lost $30,000.

49.     Plaintiff Robert DiGiorgio is a resident of Cape Coral, Florida.  The sellers are identified as "Checkmate Financial, Inc." and "Checkmate Realty Sales of Costa Rica SRL."  He lost $35,000.

50.     Plaintiff Scott Corridon is a resident of Hanover, Pennsylvania.  The sellers are identified as "Paramount Consulting Group, Inc." and "Paramount International Sales of Costa Rica SRL."  He lost $30,000.

51.     Plaintiff Jerry Park is a resident of Bellevue, Washington.   The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  He lost $34,900.

52.     Plaintiff Frances DeLuca is a resident of Long Branch, New Jersey.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc." She lost $25,000.

53.     Plaintiffs Samuel and Camille Reeder are residents of Springfield, Oregon.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda.," "Properties of Costa Rica,

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

Inc.," "Paramount Consulting Group, Inc.," and "Paramount International Sales of Costa Rica SRL." They lost $81,250.

54.     Plaintiffs Nicolas Muro and Regina Muro are residents of Commack, New York. The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda.," "Properties of Costa Rica, Inc.," "Paramount Consulting Group, Inc." and "Paramount International Sales of Costa Rica SRL." They lost $44,500.

55.     Plaintiffs James Krause, Mary Krause, Eric Wallace and Carolyn Wallace, are residents of Morgan Hill, California. The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc." They lost $71,800.

56.     Plaintiff Daniel R. Harrison is a resident of Fort Dick, California. The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc." He lost $166,800.

57.     Plaintiffs Donald Schaefer and Deborah Schaefer are residents of Middletown, Delaware. The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc." They lost $35,000.

58.     Plaintiff Rhonda Brewer is a resident of Chicago, Illinois. The sellers are identified as "All Star Consulting Group, Inc." and "All Star Consulting Group, SRL." She lost $35,000.

59.     Plaintiffs Young K. Yoo and Sun S. Yoo are residents of Dallas, Texas. The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc." They lost $82,975.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

60.     Plaintiffs Rocco Morelli and Christine Morelli are residents of Davenport, Florida.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  They lost $64,150.

61.     Plaintiff James Neuber is a resident of Milwaukee, Wisconsin.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  He lost $145,000.

62.     Plaintiffs Dennis Calcaterra, Diana Calcaterra and Jo-Ann Durdock are residents of Aurora, Colorado.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  They lost $44,450.

63.     Plaintiff Fady Dakdouk is a resident of Parma, Ohio.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda.," "Properties of Costa Rica, Inc.," "Paramount Consulting Group, Inc." and "Paramount International Sales of Costa Rica SRL."  He lost $95,000.

64.     Plaintiff John Hay is a resident of Hollywood, Florida.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  He lost $113,750.

65.     Plaintiffs Eugene Willard and Roberta Willard are residents of Potomac, Maryland.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  With respect to a separate transaction, they lost the Agreement for Deed but have a letter from Neustein confirming receipt of funds.  They lost $92,750.

66.     Plaintiff B. Kim Davis is a resident of Littleton, Colorado.  The sellers are identified as "SVE Properties of Costa Rica SRL" and "SVE Properties Inc."  She lost $72,500.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

67.     Plaintiffs David Graves and Patricia Graves are residents of Jenison, Michigan. The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  They lost $105,400.

68.     Plaintiffs Robert Hurst, Sara Hurst and Kim Couture are residents of Lynn Haven, Florida.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  They lost $103,750.

69.     Plaintiffs Patrick O'Connor and Alicia O'Connor are residents of Sebring, Florida.  They lost the Agreement for Deed but have a letter from Neustein confirming receipt of funds.  They lost $30,000.

70.     Plaintiff Martin Graboski is a resident of Deerfield Beach, Florida.  He lost the Agreement(s) for Deed but has a letter from Neustein confirming receipt of funds.  He lost $101,250.

71.     Plaintiffs Mark Light and Cynthia Light are residents of Bucyrus, Ohio.  The sellers are identified as "Paramount Consulting Group, Inc." and "Paramount International Sales of Costa Rica SRL."  They lost $72,500.

72.     Plaintiffs Karoly Szep and Renata Videki are residents of Providence, Rhode Island.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  They lost $77,245.80.

73.     Plaintiff Richard Scott is a resident of Toms River, New Jersey.  The sellers are identified as "Paramount Consulting Group, Inc." and "Paramount International Sales of Costa Rica SRL."  He lost $155,900.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

74.     Plaintiffs Douglas Thackston and Cynthia Thackston are residents of State College, Pennsylvania.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  They lost $45,900.

75.     Plaintiff Kurt Mitchell is a resident of Overton, Nebraska.  The sellers are identified as "Checkmate Financial, Inc." and "Checkmate Realty Sales of Costa Rica SRL."  He lost $30,000.

76.     Plaintiff Donald Wells is a resident of Seattle, Washington.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  He lost $40,000.

77.     Plaintiff Denise Braithwaite is a resident of Waterford, Connecticut.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc." She lost $25,000.

78.     Plaintiffs John Wittbold and Paulette Wittbold are residents of Palm Bay, Florida. The sellers are identified as "Paramount Consulting Group, Inc." and "Paramount International Sales of Costa Rica SRL."  They lost $75,000.

79.     Plaintiff Robert Sloan is a resident of Cochranville, Pennsylvania.  The sellers are identified as "Alliance Funding LLC," "Alliance Funding SRL," "Properties of Costa Rica, Inc." and "Premier Realty Sales of Costa Rica, Ltda."  He lost $191,800.

80.     Plaintiffs Jason Martin and Sylvia Martin are residents of St. Augustine, Florida. The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  They lost $59,775.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

81.     Plaintiff Juan Campos is a resident of Corona, California.   The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  He lost $76,250.

82.     Plaintiff Randall Scagliotti is a resident of Newcastle, California.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  He lost $97,500.

83.     Plaintiff James Southcomb is resident of Farmingdale, New Jersey and Plaintiff Mike Spataro is a resident of Braintree, Massachusetts.  The sellers are identified as "Checkmate Financial, Inc." and "Checkmate Realty Sales of Costa Rica SRL."  They lost $52,000.

84.     Plaintiff Kraig McGregor is a resident of Plano, Texas.  The sellers are identified as "Alliance Funding LLC" and "Alliance Funding SRL."  He lost $63,750.

85.     Plaintiff Paula Broadfoot is a resident of Van Buren, Arkansas.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc." She lost $124,200.

86.     Plaintiff Linda Adams is a resident of New Orleans, Louisiana.  The sellers are identified as "Paramount Consulting Group, Inc." and "Paramount International Sales of Costa Rica SRL."  She lost $76,250.

87.     Plaintiff Craig Adams is a resident of New Orleans, Louisiana.  The sellers are identified as "Paramount Consulting Group, Inc." and "Paramount International Sales of Costa Rica SRL."  He lost $42,500.

88.     Plaintiffs John A. Frank and Tamara D. Frank are residents of Louisville, Kentucky.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  They lost $97,500.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

89.     Plaintiff Mike Chernicky is a resident of Brandon, Florida.  The sellers are identified as "Paramount Consulting Group, Inc." and "Paramount International Sales of Costa Rica SRL."  He lost $104,500.

90.     Plaintiffs Greg Twomey, Ann Collaras, Rich Klang, and Thomas Gulheany are residents of New York.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  They lost $48,800.

91.     Plaintiff Joanna Lee Scherer-Myers is a resident of Honolulu, Hawaii.  The sellers are identified as "Checkmate Financial, Inc." and "Checkmate Realty Sales of Costa Rica SRL."  She lost $43,415.51.

92.     Plaintiff Hope Larose is a resident of Mt. Laurel, New Jersey.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  She lost $60,000.

93.     Plaintiffs Richard Malek and Deanna Malek are residents of Laguna Miguel, California.  They lost the Agreement(s) for Deed but have a letter from Neustein confirming receipt of funds.  They are owed $70,750.

94.     Plaintiff Robert Crowe is a resident of Indian Harbour Beach, Florida.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  He lost $38,750.

95.     Plaintiff Michael Brown is a resident of Queen Creek, Arizona.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  He lost $35,000.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

96.     Plaintiffs Robert Ruyak and Jennifer Ruyak are residents of Bethlehem, Pennsylvania.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  They lost $73,900.

97.     Plaintiffs Richard Kessler and Bruce Johnson are residents of Chicago, Illinois. The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda.," "Costa Rican Land, Co." and "Properties of Costa Rica, Inc."  They lost $68,725.

98.     Plaintiffs Jeffrey Aaronson and Josefina P. Aaronson are residents of Chatsworth, California.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." And "Properties of Costa Rica, Inc.,"  They lost $139,900.

99.     Plaintiff Lalit Agrawal is a resident of Ft. Lauderdale, Florida.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  He lost $70,000.

100.    Plaintiffs Paul Alsaker and Sari Alsaker are residents of Forest Lake, Minnesota. The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  They lost $50,550.

101.    Plaintiffs Mary Ann Amisano and Richard Amisano are residents of Horseheads, New York.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc." They lost $50,500.

102.    Plaintiffs Judy Bachman and Richard Bachman are residents of Johnstown, Ohio. The sellers are identified as "SVE Properties of Costa Rica, SRL" and "SVE Properties, Inc." They lost $91,500.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

103.    Plaintiffs Roger Baker and Kory Baker are residents of Wilmington, North Carolina.  They lost the Agreement(s) for Deed but have a letter from Neustein confirming receipt of funds.  They lost $72,500.

104.    Plaintiff Edward K. Baylor is a resident of Washington, D.C.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  He lost $40,000.

105.    Plaintiff James Berry is a resident of Galena, Ohio.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."   He lost $75,000.

106.    Plaintiff Julia Blindauer is a resident of Kennesaw, Georgia.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc." She lost $48,000.

107.    Plaintiffs Susan Bowers and Donnie Bowers are residents of Troutman, North Carolina.  They lost the Agreement(s) for Deed but have a letter from Neustein confirming receipt of funds.  They lost $79,500.

108.    Plaintiffs Wayne Brott and Cheryl Brott are residents of Troy, New York.  The sellers are identified as "Paramount International Sales of Costa Rica, SRL" and "Paramount Consulting Group, Inc."   They lost $35,000.

109.    Plaintiffs Dariusz Bujak and Michael Digiacobbe are residents of Newark, Delaware.  The sellers are identified as "Paramount International Sales of Costa Rica, SRL" and "Paramount Consulting Group, Inc."  They lost $35,000.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

110.     Plaintiff Mike Cain is a resident of Virginia Beach, Virginia.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  He lost $39,500.

111.     Plaintiff John Casper is a resident of Boise, Idaho.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  He lost $59,500.

112.     Plaintiffs John Ciulla and Patricia Ransom-Ciulla are residents of Airmont, New York.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  They lost $134,450.

113.     Plaintiff James Cook is a resident of Hayward, California.  The sellers are identified as "SVE Properties of Costa Rica, SRL" and "SVE Properties, Inc."  He lost $67,500.

114.     Plaintiff Cathy Cooper is a resident of West Chester, Ohio.  She lost the Agreement(s) for Deed but has a letter from Neustein confirming receipt of funds. She lost $127,500.

115.     Plaintiff Mark Czoty is a residents of Chicago, Illinois.  The sellers are identified as "Paramount International Sales of Costa Rica, SRL" and "Paramount Consulting Group, Inc." He lost $45,000.

116.     Plaintiff Rose Czoty is a resident of Chicago, Illinois.  The sellers are identified as "Paramount International Sales of Costa Rica, SRL" and "Paramount Consulting Group, Inc." She lost $45,000.

117.     Plaintiff Eugene Deschamps is a resident of Natchez, Mississippi.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  He lost $79,800.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

118.     Plaintiffs Larry Dreaden and Patricia Dreaden are residents of Crestview, Florida. The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  They lost $64,900.

119.     Plaintiffs Gary Ellingson and Victoria Ellingson are residents of Orlando, Florida.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  They lost $30,000.

120.     Plaintiff Jason Finnegan is a resident of Shoreham, New York.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  He lost $68,550.

121.     Plaintiff Christopher Fiore is a resident of New York, New York.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  He lost $50,000.

122.     Plaintiff Tina Forcey is a resident of Wilmington, Delaware.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc." With respect to a separate transaction, she lost the Agreement for Deed but has a letter from Neustein confirming receipt of funds.  She lost $80,900.

123.     Plaintiff Philip Friedland is a resident of Green Valley, Arizona.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  He lost $73,475.

124.     Plaintiff David Graham is a resident of Belgrade, Montana.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  He lost $45,000.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

125.    Plaintiffs Patricia Greenburg and Rolland Greenburg are residents of Columbia, South Carolina.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda.," "Properties of Costa Rica, Inc.," "Alliance Funding, LLC" and "Alliance Funding, SRL."  They lost $105,000.

126.    Plaintiff Erich Hentschel is a resident of Miami, Florida.  The sellers are identified as "Paramount International Sales of Costa Rica, SRL" and "Paramount Consulting Group, Inc."  He lost $55,900.

127.    Plaintiff John Howard is a resident of Las Vegas, Nevada.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  He lost $173,124.

128.    Plaintiffs Robert Jacobson and Germaine Jacobson are residents of Blue Jay, California.  The sellers are identified as "Alliance Funding, SRL" and "Alliance Funding, LLC."  They lost $180,000.

129.    Plaintiff David Javdan is a resident of McLean, Virginia.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  He lost $66,000.

130.    Plaintiff Ripley Knickerbocker is a resident of Hampden, Maine.  He lost the Agreement(s) for Deed but has a letter from Neustein confirming receipt of funds.  He lost $59,500.

131.    Plaintiff Hector Lavandero is a resident of Miami, Florida.  The sellers are identified as "SVE Properties of Costa Rica, SRL" and "SVE Properties, Inc."  He lost $71,500.

132.    Plaintiff Agustin Legido is a resident of Philadelphia, Pennsylvania.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

With respect to a separate transaction, he lost the Agreement(s) for Deed but has a letter from Neustein confirming receipt of funds.  He lost $131,400.

133.    Plaintiff Sergio Lima is a resident of Tampa, Florida.  He lost the Agreement for Deed but has a letter from Neustein confirming receipt of funds.  He lost $35,000.

134.    Plaintiff Andrei Lishchishyn is a resident of San Mateo, California.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc." He lost $35,000.

135.    Plaintiffs Gregory Martin and Nilgun Martin are residents of Tacoma, Washington.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  They lost $59,500.

136.    Plaintiff John Martini is a resident of Spring Hill, Florida.  He lost the Agreement(s) for Deed but has a letter from Neustein confirming receipt of funds.  He lost $77,500.

137.    Plaintiff Juan Mas Sarda is a resident of Wellington, Florida.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda.," "Properties of Costa Rica, Inc.," "Paramount Consulting Group, Inc." and "Paramount International Sales of Costa Rica SRL." He lost $25,000.

138.    Plaintiff Robert Matland is a resident of Edison, New Jersey.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  He lost $51,400.

139.    Plaintiff Lois McEwan is a resident of Levittown, New York.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc." She lost $85,000.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

140.     Plaintiff Lindsay McQuater is a resident of Mitchelleville, Maryland.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc." She lost $25,900.

141.     Plaintiff Shawn Meschke is a resident of Lakeville, Minnesota.  He lost the Agreement(s) for Deed but has a letter from Neustein confirming receipt of funds.  He lost $50,000.

142.     Plaintiffs Todd Meyer and Tim Meyer are residents of Wellsburg, Iowa.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc." They lost $105,000.

143.     Plaintiff Robert Miqueli is a resident of Holbrook, New York.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  He lost $55,000.

144.     Plaintiffs Thomas Miqueli and Diane Miqueli are residents of Holbrook, New York.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc." They lost $55,000.

145.     Plaintiff Everett Morrell is a resident of Greenwich, Connecticut.  The sellers are identified as "All Star Consulting Group, SRL," "All Star Consulting Group, Inc.," "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."   He lost $152,700.

146.     Plaintiff David Nasser is a resident of New London, Connecticut.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda.," "Properties of Costa Rica, Inc.," "Paramount Consulting Group, Inc." and "Paramount International Sales of Costa Rica SRL." He lost $47,000.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

147.     Plaintiffs Joseph Nishanian and Victoria Nishanian are residents of West Boylston, Massachusetts.  The sellers are identified as "Paramount International Sales of Costa Rica, SRL" and "Paramount Consulting Group, Inc." They lost $65,900.

148.     Plaintiff Alexander Oraevsky is a resident of Houston, Texas.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  He lost $174,900.

149.     Plaintiff Frank Orkin is a resident of Liberty, Utah.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  He lost $189,500.

150.     Plaintiffs Tom Perkins and Carla Perkins are residents of Roseville, California. The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc." They lost $35,000.

151.     Plaintiff Melaney Phillips is a resident of Kelowna, British Columbia, Canada. The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  She lost $294,700.

152.     Plaintiff Aaron Plaisted is a resident of Toccoa, Georgia.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  He lost $47,500.

153.     Plaintiffs Gale Prizevoits and Shirley Wepsala are residents of Greenwood, Indiana.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc." They lost $70,000.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

154.    Plaintiffs Richard Pulsinelli and John P. Oye are residents of New Port Richey, Florida.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc." They lost $25,000.

155.    Plaintiff Andrew Quested is a resident of Northport, New York.  The sellers are identified as "Alliance Funding, SRL" and "Alliance Funding, LLC."  He lost $50,000.

156.    Plaintiff Lisa Jeanty is a resident of Miami, Florida.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  She lost $80,500.

157.    Plaintiffs Gregory Rasmussen and Donna Rasmussen are residents of Rosemont, Minnesota.  The sellers are identified as "Paramount International Sales of Costa Rica, SRL" and "Paramount Consulting Group, Inc." They lost $56,000.

158.    Plaintiff Michael Reysack is a resident of Ankeny, Iowa.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda.," "Properties of Costa Rica, Inc.," "Alliance Funding, SRL" and "Alliance Funding, LLC."  He lost $162,500.

159.    Plaintiff Richard Rynaski is a resident of Rockfall, Connecticut.  The sellers are identified as "Paramount International Sales of Costa Rica SRL" and "Paramount Consulting Group, Inc."  He lost $37,500.

160.    Plaintiff Robert M. Riley is a resident of Palm Bay, Florida.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  He lost $67,500.

161.    Plaintiff Peter Ryder is a resident of West Linn, Oregon.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  He lost $25,900.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

162.     Plaintiff Vadym Sagadin is a resident of San Mateo, California.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  He lost $70,000.

163.     Plaintiff Darlene Saudarg is a resident of Baltimore, Maryland.  The sellers are identified as "SVE Properties of Costa Rica, SRL" and "SVE Properties, Inc."  She lost $35,000.

164.     Plaintiffs John Saunders and Wanda Saunders are residents of Hastings on Hudson, New York.  The sellers are identified as "Checkmate Realty Sales of Costa Rica, SRL" and "Checkmate Financial, Inc." They lost $50,000.

165.     Plaintiff Lawrence Saunders is a resident of Portola Valley, California.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  He lost $58,000.

166.     Plaintiffs William Scherfel, Sr. and William Scherfel, Jr. are residents of Coraopolis, Pennsylvania.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  They lost $35,000.

167.     Plaintiffs Richard Schoudel and Tami Schoudel are residents of Navarre, Florida. The sellers are identified as "SVE Properties of Costa Rica, SRL" and "SVE Properties, Inc." They lost $35,000.

168.     Plaintiff Melvin D. Shaver is a resident of Mission Viejo, California.  He lost the Agreement for Deed but has a letter from Neustein confirming receipt of funds.  He lost $58,500.

169.     Plaintiffs Jay Sparkman, Jason Sparkman, Denise Sparkman and Nicole Sparkman are residents of Merritt Island, Florida.  The sellers are identified as "Paramount International Sales of Costa Rica SRL" and "Paramount Consulting Group, Inc."  They lost $35,000.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

170.    Plaintiffs Paul Strother and Victoria Strother are residents of Sacramento, California.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc." They lost $67,900.

171.    Plaintiffs Dave Sullivan and W. Caralyn Sullivan are residents of Nokesville, Virgina.  The sellers are identified as "All Star Consulting Group, SRL" and "All Star Consulting Group, Inc."  They lost $105,000.

172.    Plaintiff Patrick Tombelaine is a resident of Carlsbad, California and Plaintiffs James McTeigue and Diane McTeigue are residents of Allen, Texas.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  They lost $73,100.

173.    Plaintiffs Clifford Tudor and Christine Tudor are residents of St. John, Indiana. The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc." They lost $41,250.

174.    Plaintiffs Jeffrey Tullo and Laura Tullo are residents of Charlotte, North Carolina.  The sellers are identified as "Alliance Funding, SRL" and "Alliance Funding, LLC." They lost $55,000.

175.    Plaintiffs Amy Turner and Brett Turner are residents of Ft. Myers, Florida.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc." They lost $87,500.

176.    Plaintiffs Adrian Turowski and Carol LaPlante are residents of Avon Lake, Ohio. The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc." They lost $25,000

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

177.    Plaintiffs John Tye and Sandra Tye are residents of Scottsdale, Arizona.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc." They lost $72,500.

178.    Plaintiffs Thomas Vaccaro and Debra Vaccaro are residents of Stafford, Virgina. The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc." They lost $65,900.

179.    Plaintiff Edgar Van Cleve is a resident of Chandler, Arizona.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc." With respect to a separate transaction, he lost the Agreement for Deed but has a letter from Neustein confirming receipt of funds.  He lost $50,000.

180.    Plaintiffs John Van Grouw and Catherine Van Grouw are residents of Collierville, Tennessee.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc." They lost $135,000.

181.    Plaintiff Alexander Vazquez is a resident of Kissimmee, Florida.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  He lost $16,500.

182.    Plaintiffs D. Genevieve Wallace-Roe and Theron J. Roe, II are residents of Hockessin, Delaware.  The sellers are identified as "Paramount International Sales of Costa Rica, SRL" and "Paramount Consulting Group, Inc."  They lost $60,900.

183.    Plaintiff Louis Weinstein is a resident of Coconut Creek, Florida.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  He lost $90,000.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

184.    Plaintiff Herbert D. Wolff, IV is a resident of Alexandria, Virginia.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc." He lost $50,000.

185.    Plaintiffs Russ York, Maria York, Brittania York, and Christopher York are residents of Pawling, New York.  They lost the Agreement(s) for Deed but have a letter from Neustein confirming receipt of funds.  They lost $150,000.

186.    Plaintiff Robert Zibailo is a resident of Malabar, FL.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  He lost $100,000.

187.    Plaintiff Gabriel Sanchez is a resident of Las Vegas, Nevada.  The sellers are identified as "Premier Realty Sales of Costa Rica, Ltda." and "Properties of Costa Rica, Inc."  He lost $25,900.

188.    Plaintiff Prabakaran Manoharan is a resident of Olympia, Washington.  The sellers are identified as "Paramount International Sales of Costa Rica, SRL" and "Paramount Consulting Group, Inc."  He lost $48,650.

189.    Plaintiff Marilyn Jackson is a resident of Folsom, California.  The sellers are identified as "Paramount International Sales of Costa Rica, SRL" and "Paramount Consulting Group, Inc."  She lost $112,500.

### III.    Defendants

190.    Defendant, Paragon Properties of Costa Rica, LLC, is a Florida limited liability company with its principal place of business in Miami-Dade County.  It is the "parent entity" that was used to facilitate the sales and marketing of the land in Costa Rica.  Its two members are Premier Exchange Group, Inc., which is owned and controlled by William Gale, and LTS

34
SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

Management Corporation, which is owned and controlled by Julien Siegel and Lisa Tashman.  It is the sole owner of Paragon Properties of Costa Rica, S.A.  It is controlled by William Gale and Stephen Tashman.  Paragon Properties of Costa Rica, LLC was created to perpetuate a fraud and to mislead investors, creditors and the public.  It did not respect the corporate form.  It was created and used, in large part, to hide the involvement of Stephen Tashman.[6]  LTS Management Corporation is a Florida corporation based in South Florida.  It is owned and/or operated by co-Defendant Lisa Tashman, who serves as President.  LTS is the managing and controlling member of Paragon Properties of Costa Rica LLC.  LTS's registered agent is Jeffrey Tew.  Upon information and belief, LTS Management is actually being controlled by co-Defendant Stephen Tashman.

191.    Defendant, Properties of Costa Rica, Inc., is a Florida corporation with its principal place of business in Miami-Dade County, Florida.  Properties of Costa Rica, Inc. was, at least nominally, an agent of Paragon Properties of Costa Rica, LLC and Paragon Properties of Costa Rica, S.A., who sold lots on their behalf.  As a practical matter, it served as an "in-house" sales agent for Paragon.

192.    Defendant, Paragon Properties of Costa Rica, S.A., is a Costa Rican company that is a wholly owned subsidiary of Paragon Properties of Costa Rica, LLC.  Paragon Properties of Costa Rica, S.A. entered into "Independent Sales Organization" contracts with various Florida based corporations (the "ISOs").  The ISOs, at least theoretically, were named as the "seller" on

---

[6]      Paragon's officers, sales agents and employees are a rather colorful cast of characters. Lyle Wexler, who is no longer a defendant, was Paragon's Director of Operations.  He has a long history of fraudulent business activity, most notably being in sued in 2005 by the Commodity Futures Trading Commission for unlawfully selling and marketing foreign currencies.  *See Commodities Futures Trading Commission v. Larry M. Webman, Lyle Wexler, et al*, Case No. 05-civ-4819 (S.D.N.Y.).   One of his co-conspirators in the CFTC enforcement action was Defendant Larry M. Webman.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

the Agreements for Deed but did not actually own title to the property being sold.  The ISOs were only *nominal* sellers serving as *agents* for Paragon Properties of Costa Rica, S.A. and Paragon Properties of Costa Rica, LLC.  Paragon Properties of Costa Rica, S.A. was created to perpetuate a fraud and to mislead investors, creditors and the public.  It did not respect the corporate form.  It was created and used, in large part, to hide the involvement of Stephen Tashman.

193.    Defendant, William Gale, is a United States citizen who resides in Miami-Dade County, Florida.  He is the sole owner of Premier Exchange Group, Inc., which owns fifty-percent of Paragon Properties of Costa Rica, LLC.  He held himself out to the public as the "Chairman of the Board."  Gale was the face of Paragon.  He created and used Paragon Properties of Costa Rica, LLC and Paragon Properties of Costa Rica, S.A. as a mere instrumentality to perpetuate a fraud on the public, investors and creditors.  By his own admission, Paragon was supposed to be Gale's "last chance to make a big score."  As a practical matter, William Gale is the alter ego of Paragon Properties of Costa Rica, LLC and its subsidiary Paragon Properties of Costa Rica, S.A.  Gale should be held personally liable for all debts incurred by both entities.

194.    Defendant, Charles L. Neustein, P.A., is a dissolved Florida corporation operated by attorney Charles L. Neustein, Esq and based on Miami Beach, Florida.  Charles L. Neustein P.A. was the recipient of the buyer's funds, purportedly as "escrow agent" for the corporate defendants.  According to the Florida Department of State, the P.A. was dissolved in 1986.  All Agreements for Deed identify "Charles L. Neustein, P.A." as the escrow agent, despite being dissolved twenty four years ago.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

195.    Defendant, Law Offices of Charles L. Neustein, P.A., is a Florida corporation owned and operated by attorney Charles L. Neustein, Esq. and based on Miami Beach, Florida. Law Offices of Charles L. Neustein, P.A. was the recipient of the buyer's funds, purported as "escrow agent" for the corporate defendants.

196.    Defendant, Charles L. Neustein, is a Florida licensed attorney.  Neustein, through his attorney trust account, was the recipient of the buyer's funds, purportedly as "escrow agent" for the corporate defendants.  The term "Neustein" shall collectively refer to Neustein personally and his two corporations.  Neustein has represented (and may be continuing to represent) co-Defendant Tashman.  Paragon would send potential investors copies of Neustein's resume in an effort to make them feel more comfortable with the entire transaction.  Paragon specifically emphasized that Neustein was a judge.  According to his resume, Neustein served as municipal judge for the City of North Miami Beach for one year.  Neustein was routinely wiring money from his trust account to accounts other than Paragon's operating account.

197.    Defendant, All Star Consulting Group, Inc., is a Florida corporation, now dissolved, that was based in Miami, Florida.  It purportedly was affiliated with All Star Consulting Group, SRL, a foreign for-profit corporation.  It was an ISO and nominal seller for Paragon.

198.    Defendant, Bruce Goldberg, was the president and owner of All Star Consulting Group, Inc.  As a matter of law, he is personally responsible for all debts incurred by or due from All Star Consulting Group, Inc.  Alternatively, he is liable as the alter ego of All Star Consulting Group, Inc.  The corporate form was not respected and the corporation was used to perpetuate a fraud in conjunction with and as an agent for Paragon.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

199.    Defendant, Alliance Funding, LLC, is a dissolved Florida limited liability company based in Hallandale Beach, Florida.  It has two members – co-Defendants Murray Linder and Shelden Yablon.  It was an ISO and nominal seller for Paragon.

200.    Defendant, Shelden Yablon, was a manager and owner of Alliance Funding, LLC. It is believed that he resides in South Florida.  He is personally responsible for the debts of Alliance Funding, LLC.

201.    Defendant, Murray Linder, was the managing member and owner of Alliance Funding, LLC.  It is believed that he resides in South Florida.  He is personally responsible for the debts of Alliance Funding, LLC.

202.    Defendant, Stephen Tashman, was and remains a principal of Paragon although his exact role is currently unknown.  He held himself out as an officer or manager of Paragon and interacted routinely with the Plaintiffs and other putative class members.  He also referred to himself as a consultant to and spokesman for Paragon.  He acknowledges that he worked indirectly for Paragon through a company known as Connect Tel Corporation.  Connect Tel Corporation was an affiliate of Paragon and is owned and controlled by Lisa Tashman.  He is a resident of South Florida.  He has a long history of fraudulent business activity in South Florida, most notably being sued by the Federal Trade Commission and being ordered to pay $28 million for a fraudulent calling card scheme.  *See Federal Trade Commission v. Steven I. Tashman*, Case No. 98-civ-07058 (S.D. Fla.) (Ryskamp, J.).  Judge Ryskamp permanently enjoined Tashman from engaging in any business activity and requiring Tashman to provide any prospective business partner or investor with a copy of the injunction.  *Id*. at D.E. 210.  Tashman was also sued by the SEC for fraudulently selling partnerships in an ostrich farming business.  He is notorious for keeping his name off of corporate books and documents and for hiding his role in

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

various entities. (For example, he is widely believed to be the owner of Junction Financial Corporation, but he is not on the corporate books at all). Tashman pleaded no contest to felony securities fraud during the 1980s. Tashman's counsel in the FTC enforcement action was the law firm of Tew Cardenas, the same firm that is counsel to Paragon. Tashman's counsel in a prior bankruptcy was Charles Neustein, Paragon's "escrow agent." Tashman also uses Michael Fingar as his legal counsel, and Fingar is also identified as representing Paragon. This is further proof that Tashman is the *de facto* head (or at least one of the major players) of Paragon.

203. Defendant, Larry M. Webman, was an active participant in the Paragon enterprise. He routinely held himself out as an officer or manager of Paragon and he routinely communicated with investors. He is a resident of South Florida. He has a long history of fraudulent business activity, most notably being sued in 2005 by the Commodity Futures Trading Commission for unlawfully selling and marketing foreign currencies. Webman was the ringleader of the conspiracy, and one of his co-conspirators in the CFTC enforcement action was Lyle Wexler, Paragon's Director of Operations. (The 2005 lawsuit against Webman accused him of violating a consent judgment entered against him in 1982, *i.e.*, Webman has a 30 year history of fraud). Webman was also sentenced to 18 months in federal prison for wire fraud and for engaging in a scheme to defraud. *See United States v. Larry Webman, et al,* Case No. 91-cr-00917 (S.D. Fla.) (Graham, J.). Webman was recently sued by the Securities and Exchange Commission for selling fraudulent investments in violation of SEC regulations and for soliciting over $6 million in fraudulent investor monies from senior citizens. *See S.E.C. v. Larry Webman, et al*, Case No. 06-civ-22440 (S.D. Fla.) (Lenard, J.). Webman failed to answer the complaint and Judge Lenard assessed a $400,000 penalty on Webman in 2008.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

204.     Defendant, Paramount Consulting Group, Inc., is a dissolved Florida corporation with its principal place of business in Miami-Dade County, Florida. Co-Defendant Webman is its president. It did not respond to the Amended Complaint. It was an ISO and nominal seller for Paragon.

205.     Defendant, Julian L. Siegel, is the president of Costa Rican Land & Development, Inc. He is a resident of South Florida. He is co-Defendant Tashman's son-in-law. Siegel has known about his father-in-law's fraudulent business activity and has been involved in them as well. According to bank records, Siegel's Capital One credit card was routinely paid via funds from the Paragon operating account. He received funds directly from Neustein's trust account.

206.     Defendant, Checkmate Financial, Inc., is a dissolved Florida corporation that sold units in Paragon. It is owned and operated by co-Defendants Chester Potash and Melvin Webman. Checkmate Financial was used to run a check cashing fraud scheme. Most of the owners and operators, including several defendants here, were indicted for conspiracy to commit mail and wire fraud. *See United States v. Melvin Webman, et al* Case No. 06-cr-20069 (S.D. Fla.) (Altonaga, J.). Checkmate Financial's corporate vice president and secretary, Melvin Webman, pled guilty to conspiracy to commit mail and wire fraud. Judge Altonaga sentenced him to 8 years. Melvin Webman is the brother of co-Defendant Larry Webman. The Webman brothers had conspired before and were indicated in other matters together. Melvin Webman died in prison.

207.     Defendant, Chester Potash, was the owner and chief executive officer of Checkmate Financial. On July 7, 2006, Potash pled guilty to conspiracy to commit mail and wire fraud. Judge Altonaga sentenced him to 8 years in federal prison. He is a resident of FCI – Miami. Potash is personally responsible for the debts of Checkmate Financial, Inc.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

208.    Defendant, Judith Gale, is the wife of co-Defendant William Gale.  The marital home is titled in her name only.  Upon information and belief, other marital assets, or assets of Gale, are titled in her name.  According to bank records, Judith Gale's American Express card was routinely paid electronically out of Paragon's corporate account.  Judith Gale had no legitimate involvement with Paragon.  She is the recipient of fraudulent transfers from Paragon Properties of Costa Rica, LLC and Properties of Costa Rica, Inc., and all of her assets are subject to seizure for the benefit of the Plaintiffs.

209.    Defendant, Lisa Tashman, a/k/a Lisa Siegel, is the daughter of co-Defendant Steve Tashman and the wife of co-Defendant Julien Siegel. According to bank records, Lisa Tashman's American Express card was routinely paid electronically out of Paragon's corporate account.  She is the recipient of hundreds of thousands of dollars (if not millions) of fraudulent transfers from Paragon Properties of Costa Rica, LLC and Properties of Costa Rica, Inc., and all of her assets are subject to seizure for the benefit of the Plaintiffs.  She is also the owner and an officer of co-Defendant LTS Management, Inc.  She received money directly from Neustein's trust account.  Lisa Tashman used a different company, Connect Tel Corporation, to handle internet marketing for Paragon.  She financed Paragon's operations and marketing.  She is a teacher in Broward County, Florida.

210.    Defendant, SVE Properties, Inc. is a dissolved Florida corporation based in Deerfield Beach, Florida.  SVE was an ISO for Paragon.  SVE is purportedly affiliated with SVE Properties of Costa Rica, SRL.  Juanita Johnson, as SVE's sole officer and owner, is personally responsible for all debts of SVE Properties, Inc.

211.    Defendant, Mariland Tashman, is a resident of Broward County, Florida. Plaintiffs have been informed that she is the former wife of Stephen Tashman, however she

41

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

informed Plaintiffs' process server that she is the aunt of Mr. Tashman.  She performed no services for Paragon but received funds from the Paragon operating account and from Neustein's trust account.

212.  Defendants, John Does 1-100, are yet unidentified corporations, entities, accountants, escrow agents, banks, lenders, investors, law firms and other third-parties who knew or should have known of Paragon's fraud.  Plaintiffs have identified several individuals and other corporations that are likely unnamed co-conspirators, and Plaintiffs will amend this Complaint as warranted.   For example, Costa Rican Land & Development Inc., is a Florida corporation with its principal place of business in Fort Lauderdale, Florida.  Its president is Julian L. Siegel.  Siegel is the son-in-law of co-Defendant Tashman.  Siegel is aware of his father-in-law's history of fraud and he is listed as an officer of several corporations that are believed to be fronts for Tashman.  Costa Rican Land & Development, Inc. is also known as Costa Rica Land Sales & Development Corporation.  The second name is the name identified on its letterhead, but it is not a registered Florida corporation.  The company is the "designated" contractor for Paragon.  Its registered agent, like most of the Paragon corporate Defendants, is Jeffrey Tew.  At one point its registered agent was Michael Fingar – the attorney who, like Tew, represented Tashman in the FTC enforcement action and represents Paragon.  It is believed that Costa Rican Land & Development received money directly from investors.  According to Gale, Costa Rican Land & Development was merely an "operating account" for Paragon.  This entity was an agent for Paragon and was used to perpetuate a fraud on Paragon's customers.

213.  Co-defendants William Gale and Stephen Tashman are the controlling persons behind Paragon Properties of Costa Rica, S.A., Paragon Properties of Costa Rica, LLC, Properties of Costa Rica, Inc., and Costa Rican Land & Development, Inc.  The corporate books

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

to the various Paragon corporate entities are not consistent with the information publicly available with the Division of Corporations and the corporations did not respect the corporate form.   Gale and Tashman intentionally abused the corporate form to mislead investors and to avoid creditors.   The corporate structure was also created in a way to avoid identifying Stephen Tashman as a person affiliated with Paragon.

## IV.    Class Action Allegations

214.    This is a Rule 23(b)(3) opt-out class action.   There were approximately 2400 lots sold by Paragon.   It is believed that there are approximately 900-1100 individual investors, with some investors purchasing multiple lots.   The average investor (including those who bought multiple lots) deposited approximately $50,000 with Paragon.   The total amount of money in controversy is estimated at $50 million in actual damages.

215.    All of the named Plaintiffs and all of the putative class members seek rescission of the Agreements for Deed and a full refund of all monies paid into the Neustein trust account on behalf of Paragon.

216.    The proposed class definition is: "All persons or business entities who entered into contracts for the sale of Costa Rican real estate with Paragon Properties of Costa Rica, S.A., Paragon Properties of Costa Rica, Inc, and/or Properties of Costa Rica, Inc., including those individuals and entities whose Agreement for Deed identifies an ISO as the nominal seller."

217.    The class is so numerous that joinder in one action is impracticable.   The number of class members likely exceeds 900 persons.   Buyers reside throughout the United States, including Hawaii, and also in Canada.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

218.    Plaintiffs' claims are typical of the claims of the class members.  All are based on virtually identical contracts and identical fraudulent conduct.   All of the Plaintiffs deposited money with and through the Neustein trust account.

219.    There are common questions of fact and law affecting members of the class, which questions predominate over questions that may affect individual members.   The only material distinction among the Plaintiffs is the *amount* of money lost.

220.    Plaintiffs will fairly and adequately represent the class members.  Plaintiffs have no interests that conflict with interests of the other class members.   Plaintiffs have agreed in writing to serve as co-Plaintiffs and to serve as class representatives.   Plaintiffs have retained experienced and competent counsel.

221.    A class action is superior to other available means for adjudication of the claims of the class members.

## IV.    Causes of Action

### Count I – Breach of Contract

### (All Plaintiffs against Paragon Properties of Costa Rica, LLC, Paragon Properties of Costa Rica, S.A., William Gale and Stephen Tashman)

222.    Plaintiffs incorporate paragraphs 1 – 221.

223.    This count is asserted by all Plaintiffs against Paragon Properties of Costa Rica, S.A. and Paragon Properties of Costa Rica, LLC.  The LLC was the actual seller of the property and its subsidiary, the S.A. was the owner of the land.

224.    This count is also asserted by all Plaintiffs against William Gale and Stephen Tashman as the alter ego of Paragon Properties of Costa Rica, S.A. and Paragon Properties of Costa Rica, LLC.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

225.    A valid and enforceable contract (*i.e.*, the Agreements for Deed) between Plaintiffs and Paragon exists. A sample contract is attached as Exhibit A.  Paragon is obligated to make certain improvements to the real property, to keep the property free and clear of liens and encumbrances, to provide a refund within six months of the date of the Agreement, and to provide a refund at the conclusion of the five-year period if the full amount of the purchase price is not paid.

226.    Paragon failed to fulfill its obligations and, in doing so, breached the contract.

227.    Plaintiffs fulfilled all of their obligations under the contract.

228.    Paragon has ceased doing business, has no intentions of complying with their obligations and has no ability to comply with their obligations.  Paragon has not provided any reasonable assurance to its investors that it intends to or has the ability to otherwise comply with their contractual obligations.  Plaintiffs reasonably believe and anticipate that Paragon will breach any future obligations to them.

229.    Plaintiffs have suffered financial damages as a result of the Defendants' breach. The liquidated amount of the Plaintiffs' individual losses are identified in Exhibit C.

### Count II – Breach of Contract

### (All Star Consulting Plaintiffs against
### All Star Consulting Group, Inc. & Bruce Goldberg)

230.    Plaintiffs incorporate paragraphs 1 – 221.

231.    This count is asserted by all Plaintiffs whose Agreement for Deed identifies "All Star Consulting Group, Inc." as the nominal seller and agent for Paragon Properties of Costa Rica, S.A. and Paragon Properties of Costa Rica, LLC.

232.    The seven All Star Plaintiffs are identified on Exhibit C.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

233.   This count is asserted against All Star Consulting Group, Inc. and Bruce Goldberg.

234.   A valid and enforceable contract (*i.e.*, the Agreements for Deed) between Plaintiffs and All Star exists.  A sample contract is attached as Exhibit A.  All Star is obligated to make certain improvements to the real property, to keep the property free and clear of liens and encumbrances, to provide a refund within six months of the date of the Agreement, and to provide a refund at the conclusion of the five-year period if the full amount of the purchase price is not paid.

235.   All Star failed to fulfill its obligations and, in doing so, breached the contract.

236.   Plaintiffs fulfilled all of their obligations under the contract.

237.   All Star has ceased doing business, has no intentions of complying with their obligations and has no ability to comply with their obligations.  All Star has not provided any reasonable assurance to its investors that it intends to or has the ability to otherwise comply with their contractual obligations.   Plaintiffs reasonably believe and anticipate that All Star will breach any future obligations to them.

238.   Because All Star is dissolved, Bruce Goldberg is liable for its debts.

239.   Plaintiffs have suffered financial damages as a result of the All Star's breach.  The liquidated amount of the Plaintiffs' individual losses are identified in Exhibit C.

### Count III – Breach of Contract

**(Alliance Funding Plaintiffs against
Alliance Funding, LLC, Murray Linder & Shelden Yablon)**

240.   Plaintiffs incorporate paragraphs 1 – 221.

46
SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

241.    This Count is asserted by all Plaintiffs whose Agreement for Deed identifies "Alliance Funding, LLC" as the nominal seller and agent for Paragon Properties of Costa Rica, S.A. and Paragon Properties of Costa Rica, LLC.

242.    The thirteen Alliance Funding Plaintiffs are identified on Exhibit A.

243.    This count is asserted against Alliance Funding LLC, Murray Linder and Shelden Yablon.

244.    A valid and enforceable contract (*i.e.*, the Agreements for Deed) between Plaintiffs and Alliance Funding exists.   A sample contract is attached as Exhibit A.   Alliance Funding is obligated to make certain improvements to the real property, to keep the property free and clear of liens and encumbrances, to provide a refund within six months of the date of the Agreement, and to provide a refund at the conclusion of the five-year period if the full amount of the purchase price is not paid.

245.    Alliance Funding failed to fulfill its obligations and, in doing so, breached the contract.

246.    Plaintiffs fulfilled all of their obligations under the contract.

247.    Alliance Funding has ceased doing business, has no intentions of complying with their obligations and has no ability to comply with their obligations.   Alliance Funding has not provided any reasonable assurance to its investors that it intends to or has the ability to otherwise comply with their contractual obligations.   Plaintiffs reasonably believe and anticipate that Alliance Funding will breach any future obligations to them.

248.    Because Alliance Funding is dissolved, Murray Linder and Shelden Yablon are liable for its debts.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

249.    Plaintiffs have suffered financial damages as a result of the Alliance Funding's breach.  The liquidated amount of the Plaintiffs' individual losses are identified in Exhibit C.

### Count IV – Breach of Contract

### (Checkmate Financial Plaintiffs against
### Checkmate Financial, Inc. & Chester Potash)

250.    Plaintiffs incorporate paragraphs 1 – 221.

251.    This Count is asserted by all Plaintiffs whose Agreement for Deed identifies "Checkmate Financial, Inc." as the nominal seller and agent for Paragon Properties of Costa Rica, S.A. and Paragon Properties of Costa Rica, LLC.

252.    The eight Checkmate Financial Plaintiffs are identified on Exhibit A.

253.    This count is asserted against Checkmate Financial, Inc. and Chester Potash.

254.    A valid and enforceable contract (*i.e.*, the Agreements for Deed) between Plaintiffs and Checkmate Financial exists.   A sample contract is attached as Exhibit A. Checkmate Financial is obligated to make certain improvements to the real property, to keep the property free and clear of liens and encumbrances, to provide a refund within six months of the date of the Agreement, and to provide a refund at the conclusion of the five-year period if the full amount of the purchase price is not paid.

255.    Checkmate Financial failed to fulfill its obligations and, in doing so, breached the contract.

256.    Plaintiffs fulfilled all of their obligations under the contract.

257.    Checkmate Financial has ceased doing business, has no intentions of complying with their obligations and has no ability to comply with their obligations.  Checkmate Financial has not provided any reasonable assurance to its investors that it intends to or has the ability to

48
SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

otherwise comply with their contractual obligations.  Plaintiffs reasonably believe and anticipate that Checkmate Financial will breach any future obligations to them.

258.    Because Checkmate Financial is dissolved, Chester Potash is liable for its debts.

259.    Plaintiffs have suffered financial damages as a result of the All Star's breach.  The liquidated amount of the Plaintiffs' individual losses are identified in Exhibit C.

**Count V – Breach of Contract**

**(Paramount Consulting Plaintiffs against
Paramount Consulting Group, Inc. & Larry Webman)**

260.    Plaintiffs incorporate paragraphs 1 – 221.

261.    This Count is asserted by all Plaintiffs whose Agreement for Deed identifies "Paramount Consulting Group, Inc." as the nominal seller and agent for Paragon Properties of Costa Rica, S.A. and Paragon Properties of Costa Rica, LLC.

262.    The forty-four Paramount Plaintiffs are identified on Exhibit A.

263.    This count is asserted against Paramount Consulting Group, Inc. and Larry Webman.

264.    A valid and enforceable contract (*i.e.*, the Agreements for Deed) between Plaintiffs and Paramount exists.  A sample contract is attached as Exhibit A.  Paramount is obligated to make certain improvements to the real property, to keep the property free and clear of liens and encumbrances, to provide a refund within six months of the date of the Agreement, and to provide a refund at the conclusion of the five-year period if the full amount of the purchase price is not paid.

265.    Paramount failed to fulfill its obligations and, in doing so, breached the contract.

266.    Plaintiffs fulfilled all of their obligations under the contract.

49

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

267.     Paramount has ceased doing business, has no intentions of complying with their obligations and has no ability to comply with their obligations.  Paramount has not provided any reasonable assurance to its investors that it intends to or has the ability to otherwise comply with their contractual obligations.  Plaintiffs reasonably believe and anticipate that Paramount will breach any future obligations to them.

268.     Because Paramount is dissolved, Larry Webman is liable for its debts.

269.     Plaintiffs have suffered financial damages as a result of the Paramount's breach. The liquidated amount of the Plaintiffs' individual losses are identified in Exhibit C.

## Count VI – Breach of Contract

### (Properties of Costa Rica, Inc. Plaintiffs against Properties of Costa Rica, Inc.)

270.     Plaintiffs incorporate paragraphs 1 – 221.

271.     This count is asserted by all Plaintiffs whose Agreement for Deed identifies "Properties of Costa Rica, Inc." as the nominal seller and agent for Paragon Properties of Costa Rica, S.A. and Paragon Properties of Costa Rica, LLC.

272.     The one hundred sixty three Properties of Costa Rica Plaintiffs are identified on Exhibit A.

273.     This count is asserted against Properties of Costa Rica, Inc.

274.     A valid and enforceable contract (*i.e.*, the Agreements for Deed) between Plaintiffs and Properties of Costa Rica, Inc. exists.  A sample contract is attached as Exhibit A. Properties of Costa Rica, Inc. is obligated to make certain improvements to the real property, to keep the property free and clear of liens and encumbrances, to provide a refund within six months of the date of the Agreement, and to provide a refund at the conclusion of the five-year period if the full amount of the purchase price is not paid.

50
SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

275.   Properties of Costa Rica, Inc. failed to fulfill its obligations and, in doing so, breached the contract.

276.   Plaintiffs fulfilled all of their obligations under the contract.

277.   Properties of Costa Rica, Inc. has ceased doing business, has no intentions of complying with their obligations and has no ability to comply with their obligations.  Properties of Costa Rica, Inc. has not provided any reasonable assurance to its investors that it intends to or has the ability to otherwise comply with their contractual obligations.  Plaintiffs reasonably believe and anticipate that Properties of Costa Rica, Inc. will breach any future obligations to them.

278.   Because Properties of Costa Rica, Inc. is dissolved, its owners and officers are liable for its debts.  Plaintiffs do not know who these people are.

279.   Plaintiffs have suffered financial damages as a result of the Properties of Costa Rica, Inc.'s breach.  The liquidated amount of the Plaintiffs' individual losses are identified in Exhibit C.

**Count VII – Breach of Contract**

**(SVE Plaintiffs against SVE Properties, Inc.)**

280.   Plaintiffs incorporate paragraphs 1 – 221.

281.   This count is asserted by all Plaintiffs whose Agreement for Deed identifies "SVE Properties, Inc." as the nominal seller and agent for Paragon Properties of Costa Rica, S.A. and Paragon Properties of Costa Rica, LLC.

282.   The eight SVE Plaintiffs are identified on Exhibit A.

283.   This count is asserted against SVE Properties, Inc.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

284.     A valid and enforceable contract (*i.e.*, the Agreements for Deed) between Plaintiffs and SVE exists.  A sample contract is attached as Exhibit A.  SVE is obligated to make certain improvements to the real property, to keep the property free and clear of liens and encumbrances, to provide a refund within six months of the date of the Agreement, and to provide a refund at the conclusion of the five-year period if the full amount of the purchase price is not paid.

285.     SVE failed to fulfill its obligations and, in doing so, breached the contract.

286.     Plaintiffs fulfilled all of their obligations under the contract.

287.     SVE has ceased doing business, has no intentions of complying with their obligations and has no ability to comply with their obligations.  SVE has not provided any reasonable assurance to its investors that it intends to or has the ability to otherwise comply with their contractual obligations.  Plaintiffs reasonably believe and anticipate that SVE will breach any future obligations to them.

288.     Plaintiffs have suffered financial damages as a result of the SVE's breach.  The liquidated amount of the Plaintiffs' individual losses are identified in Exhibit C.

### Count VIII – Fraudulent Inducement

289.     Plaintiffs incorporate paragraphs 1 – 221.

290.     This count is asserted by all Plaintiffs against Paragon Properties of Costa Rica, S.A. and Paragon Properties of Costa Rica, LLC.  The LLC was the actual seller and marketer of the property and its subsidiary, the S.A. was the owner of the land.

291.     This count is also asserted by all Plaintiffs against William Gale and Stephen Tashman as the alter ego of Paragon Properties of Costa Rica, S.A. and Paragon Properties of Costa Rica, LLC.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

292.     Paragon engaged in a systemic fraud on its investors.[7]   The materially false statements were memorialized in the Agreement for Deed signed by every Plaintiff.

293.     The entity that made the materially false statements is Paragon Properties of Costa Rica, LLC.   The fraudulent sales pitch was conceived of by William Gale and Stephen Tashman. Paragon hired several sales agents to make the pitch to the Plaintiffs.   These sales agents included Defendants Larry Webman, Bruce Goldberg, Juanita Johnson, Murray Linder and Shelden Yablon.   The sales pitch was heavily regulated by Paragon; sales agents were not permitted to deviate from the Paragon pitch.

294.     The following statements were made to the Plaintiffs as part of a scripted sales pitch, each of which was memorialized in the Agreement for Deed:

    a.   Purchaser is entitled to a full refund for a period of ten (10) days from date of inspection.

    b.   Deposits shall be held in trust with attorney Charles Neustein.

    c.   Purchases will receive deeds to the property.

    d.   The property will remain free and clear of all liens and encumbrances.

    e.   Infrastructure of roads and electricity will be in place within eighteen months from the date the agreement is signed.

    f.   Water and sewer will be placed on the property at the seller's expense at the time the balance is paid.

---

[7]     The Eleventh Circuit has recently acknowledged that individualized reliance is not required in a class action provided the false statements are such that an objectively reasonable person would rely upon them.  *See Fitzpatrick v. General Mills, Inc.*, 635 F.3d 1279, n.1 (11th Cir. 2011) (certifying class defined as "All persons who purchased Yo-Plus in the State of Florida.").   Paragon's systemic fraud was a companywide marketing strategy, as opposed to individualized statements unique to any one Plaintiff.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

g. The purchaser is entitled to a complete refund if the balance due is not paid with sixty months.

h. The property will be contained within a subdivision which is or will be physically accessible by a public or private road.

i. Seller shall deliver to purchaser an executed, recorded deed conveying marketable title to the property.

295. These statements are material. But for these statements, which acted as reassurances, the Plaintiffs would not have entered into the contracts.

296. The most important material misrepresentations were (a) that the money was 100% refundable without any penalty and (b) that the money was being deposited into an attorneys' trust account to sit in escrow.

297. Paragon also committed fraud by omitting material information. Specifically:

a. Paragon intentionally concealed Stephen Tashman's involvement in an effort to conceal his criminal and fraudulent past.

b. Paragon intentionally did not disclose to the Plaintiffs that Tashman was under a permanent FTC injunction forbidding him from being involved in virtually every type of business venture.

c. Paragon intentionally concealed Lyle Wexler's fraudulent past.

d. Paragon intentionally concealed Larry Webman's criminal and fraudulent past.

298. Paragon knew that it could not and would not fulfill its obligations when it made these fraudulent statements. In particular, Paragon knew it could never refund the deposits because it was dispersing the money as it came in to individuals and entities for purposes

54
SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

unrelated to the project.  Paragon was not keeping itself capitalized because it had no intention of refunding the money it received.  Thus, the statements were not abstract pufferies.

299.    Paragon made the false statements and concealed the damaging information with the intention of inducing the Plaintiffs to enter into Agreements for Deed and to make payments to Paragon.

300.    Plaintiffs relied on Defendants' false statements when they signed the Agreements.

301.    Had Paragon been truthful, Plaintiffs (like all objectively reasonable persons) never would have contracted with Paragon.

302.    Plaintiffs have been damaged as a result of the fraud.  They seek actual damages for the actual loss they incurred, plus punitive damages.

### Count IX – Civil RICO/Racketeering (Violation of 18 U.S.C. § 1962(c))

### (against William Gale, Stephen Tashman, Paragon Properties of Costa Rica, LLC & Properties of Costa Rica, Inc.)

303.    Plaintiffs incorporate paragraphs 1 – 221.

304.    This count qualifies as Plaintiffs' civil RICO statement, as required by Local Rule 12.1.  This count is asserted against the (a) two principal individuals behind the fraudulent scheme, Defendants Stephen Tashman and William Gale and (b) two entities that Defendants Stephen Tashman and William Gale utilized to implement and control the pattern of racketeering Paragon Properties of Costa Rica, LLC and Properties of Costa Rica, Inc..

305.    **RICO Sections.** This case involves violations of 18 U.S.C. § 1962(c).

306.    **Individual RICO Defendants.**

a.      Defendant William Gale is an owner and principal of Paragon entities used to implement the racketeering and he exercised control over the Paragon entities including their

55
SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

fraudulent conduct.  He and Defendant Stephan Tashman exercised control over the Paragon entities, including developing and implementing the fraudulent pitch that monies deposited were 100% refundable.  They also employed a number of entities as "independent sales organizations" or ISOs.  The ISOs would utilize the form agreements and sales pitch developed by Gale and Tashman.   Defendant William Gale and Defendant Stephan Tashman further orchestrated the scheme whereby the monies for all the transactions, regardless of the entity listed as the seller, would be paid to a purported escrow agent, Defendant Charles Neustein, who would then transfer the monies to Paragon Properties of Costa Rica, LLC or another entity controlled by Defendant William Gale and Defendant Stephan Tashman.  Once the money was transferred from Defendant Neustein's trust account, Defendant William Gale and Defendant Stephan Tashman.

b.      Defendant Stephen Tashman was, along with Defendant William Gale, a principal member of the racketeering scheme.  He held himself out as an officer or manager of Paragon entities and along with exercised control over the Paragon entities, including developing and implementing the fraudulent pitch that monies deposited were 100% refundable.  They also employed a number of entities as "independent sales organizations" or ISOs.  The ISOs would utilize the form agreements and sales pitch developed by Gale and Tashman.      Defendant William Gale and Defendant Stephan Tashman further orchestrated the scheme whereby the monies for all the transactions, regardless of the entity listed as the seller, would be paid to a purported escrow agent, Defendant Charles Neustein, who would then transfer the monies to Paragon Properties of Costa Rica, LLC or another entity controlled by Defendant William Gale and Defendant Stephan Tashman.  Once the money was transferred from Defendant Neustein's trust account, Defendant William Gale and Defendant Stephan Tashman.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

c.      Defendant Paragon Properties of Costa Rica, LLC was operated and controlled by Defendants Stephan Tashman and William Gale.  It served as the U.S. front of the operation.  It held itself out as the developer behind the land project being sold by the ISOs.  Having a U.S. entity affiliated with the development was intended to give consumers a false sense of legitimacy and security.  Defendant Paragon Properties of Costa Rica, LLC was not a developer.  Instead, Defendants Stephan Tashman and William Gale used Paragon Properties of Costa Rica, LLC to collect the funds that were paid to Charles Neustein as purported escrow agent for the various sales agents.  The money was then disbursed out Paragon Properties of Costa Rica, LLC to Defendants Stephan Tashman, William Gale, and their family members.

d.      Defendant Properties of Costa Rica, Inc. was operated and controlled by Defendants Stephan Tashman and William Gale.  After the bank account through which Paragon Properties of Costa Rica, LLC funneled money was shut down by the bank, Properties of Costa Rica, Inc. replaced Paragon Properties of Costa Rica, LLC as the vehicle through which Defendants Stephan Tashman and William Gale gained control of the funds paid.

307.    **Wrong Doers Other than Defendants.**  There are several individuals who participated in the scheme as financiers, agents and purported sales agents through the ISOs.  Those individuals include:  Lisa Tashman, Julien Siegal, Larry Webman, Larry Wexler, David Valentine, Mariland Tashman, LTS Management Corporation, Connect Tel Corporation and Premier Exchange Group, Inc.  In addition, Defendant Charles L. Neustein was involved in all of the transactions as he purported to act as the escrow agent.

308.    **Victims.**  It is believed that there are approximately 900 to 1,100 victims with out of pocket losses of approximately $30-50 million.  Each of the named Plaintiffs is a victim with quantifiable out of pocket losses. The out of pocket losses are the amounts that were paid based

57

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

upon the representation that the payments were refundable and the property would be improved and then transferred to the Named Plaintiffs. The specific amounts paid, the party to the contract, and the dates of misrepresentations (i.e., the contract dates) for each Named Plaintiff are set forth in Exhibit C. For purposes of economy, those exhibits are incorporated herein.

309. **The Pattern of Racketeering.** The racketeering in this case involved repeated mail and wire fraud violations from 2004 through 2010. There are believed to be over 900 separate transactions, each of which constitutes a separate predicate act of mail or wire fraud and each of which is part of the pattern of racketeering. All of the conduct was intended to, and did, induce Plaintiffs and members of the class to turn over substantial sums of money based upon the false promise that the monies were for the purchase of lots under development and were 100% refundable. Every contract contained the same misrepresentation that deposits paid were 100% refundable if the purchaser decided not to go through with the transaction within 60 months. A copy of the form contract used in the transactions is attached as Exhibit A. In fact, the monies were never going to be refundable, and title to the lots would never be delivered. At base, the scheme was simple get consumers to pay for land that they'd never receive by falsely representing that the money paid was refundable.

310. All of the transactions, regardless of the contracting entity, had the consumer/purchaser make payment to the purported escrow account of Defendant Charles Neustein. Neustein provided a link that tied all of the transactions together. The use of Neustein as a purported escrow agent provided consumers with a false sense of security, particularly because Paragon used Neustein's status as a former judge to make buyers feel safe. More importantly to the scheme, it ensured that the money always went to Paragon Properties of Costa Rica, LLC and Properties of Costa Rica, Inc. accounts under the control of Defendants Stephen

58
SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

Tashman and William Gale.  Defendants Stephen Tashman and William Gale then transferred funds to accounts and purposes unrelated to the development.

311.    Thus, the purported development companies, Paragon Properties of Costa Rica, LLC and Paragon Properties of Costa Rica, S.A., failed to maintain reserves that would make the promised refundability credible.  Instead, Defendants Stephen Tashman and William Gale utilized funds paid by members of the class as their own personal piggy banks.  The promise of refundability was simply a means to misappropriate substantial sums from the Named Plaintiffs and members of the class.

312.    Each of the Named Plaintiffs' transactions is a separate predicate act of mail fraud whereby it was false represented through the U.S. mail that the deposits paid would be 100% refundable. The form agreement that underlies each predicate act was developed by Defendants Stephan Tashman and William Gale.  The form contracts were distributed to the ISOs for use in each transaction.    The  form  agreement  utilized  in  every  transaction  contained  the misrepresentation that deposits paid were 100% refundable if the consumer decided not to go through with the transaction.  This representation was known, by Defendants Stephan Tashman and William Gale, to be false at the time it made because they were misappropriating the funds for  personal  use,  rather  than  maintaining  reserves  for  refunds  or  directing  the  funds  for construction and development.  For purposes of economy, Plaintiffs incorporate herein the specifics of their respective transactions set forth above in Exhibit C.

313.    Regardless of the entity appearing on the contracts, Defendants Stephen Tashman and William Gale profited from every transaction because the funds were transferred to accounts they controlled.  While the ISOs and escrow agent received compensation for their roles in the scheme, Defendants Stephen Tashman and William Gale as the principals reaped the greatest

59

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

reward and controlled the disposition of the funds.   As the masterminds and principal beneficiaries of the scheme, Defendants Stephen Tashman and William Gale are liable for all of the financial injury caused by the scheme.

314.   When it became clear to the Named Plaintiffs and members of the class that the land sales were not going to close, Defendants Stephen Tashman and William Gale closed up shop, shutting down the operations of the two vehicles they utilized Defendants Paragon Properties of Costa Rica, LLC and Paragon Properties of Costa Rica, Inc.   To date, there have been no criminal convictions arising from the Enterprise.

315.   **The RICO Enterprise.**   The RICO Enterprises is an associate in fact comprised of Paragon Properties of Costa Rica, LLC, Properties of Costa Rica, Inc., Paragon Properties of Costa Rica, S.A., and the ISOs.   Paragon Properties of Costa Rica, LLC and Paragon Properties of Costa Rica, S.A were held out as developers of property in Costa Rica.   In fact, they were operated for the purpose of defrauding consumers as the development was a sham.   The ISO entities were utilized as sales agents for the Enterprise, interacting with and contracting with consumers.   The ISO entities implemented the sales scheme by entering into contracts that contained the false assurances for refunds.   The contracts also uniformly designated Charles Neustein as the escrow agent.   This designation ensured that the funds would flow back to the Paragon Enterprise.

316.   Defendants William Gale and Stephen Tashman are the individuals that principally exercised control of the Paragon Enterprise.   They exercised direct control over Paragon Properties of Costa Rica, LLC and Paragon Properties of Costa Rica, S.A.   They enlisted the individuals who owned and operated the ISOs.   They also brought in Charles Neustein to act as the purported escrow agent on every transaction regardless of what entity was

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

listed as the seller.  The inclusion of Charles Neustein as escrow agent for every transaction ensured that the funds deposited by consumers would be transferred to Paragon accounts controlled by Defendants William Gale and Stephen Tashman.

317.  **Has the Racketeering Merged into a Single Enterprise.**    Yes.    The racketeering here was a land scheme sale from the beginning organized and controlled by Defendants Stephen Tashman and William Gale.    Defendants Paragon Properties of Costa Rica, LLC and Paragon Properties of Costa Rica, S.A. were created for purposes of the scheme.  The ISO entities were integrated into the scheme as they utilized the false sales pitch and contracts created to defrauded consumers.  The use of Defendant Charles Neustein as escrow agent for each transaction provided the unifying link by (a) providing the false appearance that funds were be safely held in an law firm escrow account and (b) ensuring that the funds all flowed back to masterminds of the scheme Defendants Stephen Tashman and William Gale.  The activities of Paragon Properties of Costa Rica, LLC and Paragon Properties of Costa Rica, S.A., the ISOs and Charles Neustein were all part of the same enterprise – the Paragon Enterprise that defrauded consumers with claims of 100% refundablity.

318.  **The Relationship between the Racketeering and Paragon's Legitimate Business.**  There was no legitimate business engaged in by Paragon Properties of Costa Rica, LLC or Paragon Properties of Costa Rica, Inc.

319.  **Benefits from Racketeering.**    It is estimated that the Paragon Enterprise received approximately $50 million from its racketeering activities, which was controlled, disbursed and hidden by Defendants Stephan Tashman and William Gale.

320.  **Effects on Interstate or foreign Commerce.**  The victims of the racketeering are from throughout the United States.  The mail and wire fraud emanated from South Florida to all

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

parts of the United States.  The effects of the racketeering have caused injury to the class members throughout the United States.  The racketeering also involved foreign commerce, in particular commerce with Costa Rica as many of the class members travelled to Costa Rica to see the property they were allegedly purchasing.

321.    **Section 1962(c) information.**  The following individual individuals were employed or associated with the Paragon Enterprise:  Esteban Soto, William Gale, Charles Neustein, Bruce Goldberg, Shelden Yablon, Murray Linder, Stephen Tashman, Lyle Wexler, Larry Webman, David Valentine, Julian Siegel, and Chester Potash.  Their respective roles are described above.   The following corporate Defendants were associated with the Paragon Enterprise: Paragon Properties of Costa Rica, LLC,  Properties of Costa Rica, Inc.,  Paragon Properties of Costa Rica, S.A.,  Charles L. Neustein, P.A.,  Law Offices of Charles L. Neustein, P.A., Premier Realty Sales of Costa Rica, Ltda,   All Star Consulting Group, SRL, All Star Consulting Group, Inc., Alliance Funding, LLC, Alliance Funding, SRL, Paramount International Sales of Costa Rica, SRL, Paramount Consulting Group, Inc.,  Costa Rican Land & Development Inc., Checkmate Financial, Inc., Checkmate Realty Sales of Costa Rica, SLR. Plaintiffs and member of the class were injured by the operation of the Paragon enterprise in that they were defrauded of the money that the paid towards what they believed were legitimate land transactions.  The individual Defendants are not the RICO Enterprise (*i.e.*, Paragon).  Some of the corporate Defendants, in particular the Paragon Entities, also constitute the RICO Enterprise (*i.e.*, the Paragon Enterprise).

322.    **Injury to Business or Property.**  Plaintiffs and the class members have been injured with respect to their property – namely, the money that has been misappropriated. Exhibit C is hereby incorporated concerning the amount of damage for each Named Plaintiff.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

323.    **Relationship Between Injury and Each Separate RICO Violation.**    Each transaction resulted in independent, identifiable damages.    Exhibit C is hereby incorporated concerning the amount of damage for each Named Plaintiff.

324.    **Damages for Each Violation.**    Each transaction resulted in independent, identifiable damages – *i.e.*, the amount each Plaintiff and member of the class paid toward the fraudulent transaction.  The amounts for the named Plaintiffs shown in Exhibit C.

**Count IX – Breach of Fiduciary Duty**

**(against the Neustein Defendants only)**

325.    Plaintiffs incorporate paragraphs 1 – 221.

326.    This count is asserted by all Plaintiffs against Defendants Charles L. Neustein, Law Offices of Charles L. Neustein, P.A., and Charles L. Neustein, P.A.

327.    "Charles L. Neustein, P.A." was administratively dissolved in 1986.  Despite being administratively closed, it continued to do business and continued to accept money from the Named Plaintiffs as "Charles L. Neustein, P.A."  As a matter of law, Mr. Neustein is personally liable for all debts of "Charles L. Neustein, P.A."

328.    "Law Office of Charles L. Neustein, P.A." is the current law firm owned and operated by Mr. Neustein.  It is the owner of the trust account at Wachovia bank where the Named Plaintiffs' monies were deposited.

329.    In the Agreements for Deed used by Paragon Properties of Costa Rica, S.A. and its ISOs, "Charles L. Neustein, P.A." is identified as the "Escrow Holder."

330.    All contracts also provide: "Make checks payable to Escrow-Holder, 'Trust Account of Charles L. Neustein, P.A.'"

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

331.    Mr. Neustein also sent the Named Plaintiffs and class members letters confirming receipt of the deposits, and identifying himself as "escrow agent for Paragon Properties of Costa Rica, S.A."  Mr. Neustein's business letterhead identifies his law firm as "Charles L. Neustein, P.A."

332.    In February 2004, "Charles L. Neustein, P.A." signed a contract entitled "Escrow Agreement" with Paragon Properties of Costa Rica, S.A.   "Charles L. Neustein, P.A." is identified as the "Escrow Holder."   Inri Robles signed this escrow agreement on behalf of Paragon Properties of Costa Rica, S.A.  "Charles L. Neustein P.A." was hired for the purpose of receiving, holding and disbursing funds relating to the sales of lots and residences in Costa Rica owned, marketing and/or sold by Paragon Properties of Costa Rica, S.A.  The buyers who attempted to purchase lots from Paragon Properties of Costa Rica, S.A., *i.e.*, the Plaintiffs, were not parties to this purported escrow agreement and had no knowledge of it.

333.    As an escrow agent, Neustein, in his personal capacity and through his corporations Charles L. Neustein, P.A. and Law Office of Charles L. Neustein, P.A., assumed fiduciary duties to the Named Plaintiffs and class members.  These fiduciary duties are non-delegable to any other person or entity.

334.    All three Neustein Defendants breached their fiduciary duties by failing to hold monies, corporate stock, and deeds in escrow pending the closing of the transactions.

335.    All three Neustein Defendants breached their fiduciary duties by failing to disclose that one of Paragon's principals, Stephen Tashman, was a career con-artist and felon who was under a federal injunction prohibiting him from engaging in virtually every type of business venture.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

336.    All three Neustein Defendants breached their fiduciary duties by failing to disclosure that one of Paragon's principals, Stephen Tashman, was Mr. Neustein's client.

337.    At a minimum, all monies paid to the Neustein Defendants, as escrow agent, above the initial deposits should still be in Neustein's trust account.  The Agreements for Deed in no way indicate how these additional funds are to be allocated.

338.    The Neustein trust account was used as an operating account for Paragon Properties of Costa Rica, S.A. and probably for Paragon Properties of Costa Rica, LLC.  (Under oath, Mr. Gale testified that "Paragon never originally had an account.  The account was as an escrow account which was held by Mr. Charles Neustein.").  Trust checks were written from this account to Paragon corporate officers and possible owners Inri Robles, Charles Ehrlich and Harry Jordan.  Trust funds were also transferred via wire to Premier Exchange Group, Inc., a corporation owned and controlled by William Gale.  Trust funds were also transferred via wire to LTS Corporation, a corporation owned and controlled by Lisa Tashman and Julien Siegel.  Trust monies were wired and checks written to Tew Cardenas, LLP as early as 2004 and as late as 2008.  Trust money was wired to Julian and Lisa Siegel (Tashman) to several banks throughout the United States.  Trust money was wired to a bank in New Jersey for the benefit of KSI Capital Corporation.

339.    Mr. Neustein allowed his trust account to be used as the Paragon operating account knowing that the entire Paragon development project was a fraud.  He provided cover to Mr. Gale and Mr. Tashman.

340.    Paragon's marketing material identified Mr. Neustein as a former judge, and used this fact to instill confidence in the putative buyers.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

341.     The Named Plaintiffs and members of the class have been injured by Neustein's breaches of his fiduciary duties as escrow agent in that they have been deprived of funds and/or property to which they are entitled.

342.     Mr. Neustein has indicated that there is approximately $11,000 remaining in his trust account.

343.     All Plaintiffs seek to recover from all three Neustein Defendants all monies that were placed in the trust account, *i.e.*, a complete refund.

### Count X – Interstate Land Sales Disclosure Act (15 U.S.C. §§ 1701 et. seq.)

344.     Plaintiffs incorporate paragraphs 1 – 221.

345.     This count is asserted by all Plaintiffs against Paragon Properties of Costa Rica, S.A. and Paragon Properties of Costa Rica, LLC.  The LLC was the actual seller of the property and its subsidiary, the S.A. was the owner of the land.

346.     This count is also asserted by all Plaintiffs against William Gale and Stephen Tashman as the alter ego of Paragon Properties of Costa Rica, S.A. and Paragon Properties of Costa Rica, LLC.

347.     Paragon Properties of Costa Rica, LLC and its wholly owned subsidiary Paragon Properties of Costa Rica, S.A. are "developers" within the meaning of the Interstate Land Sales Full Disclosure Act ("ILSFDA").

348.     Paragon used a common promotional plan to sell unimproved vacant lots in Costa Rica.  The lots at issue and sold to the Plaintiffs were part of a subdivision.

349.     Paragon failed to issue the purchasers a property report, as required by the ILSFDA.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

350.     Paragon was obligated to have a statement of record in effect at the time the transactions were made.  No such statement of record was in effect.

351.     Paragon violated 15 U.S.C. §§ 1703(1)(A)-(B) & 1703(2)(A)-(D).

352.     The U.S. Department of Housing and Urban Development opened an investigation into Paragon and its business practices due to complaints by investors.  Based upon this investigation, the Paragon actually knew that they were in violation of the Act, but failed to take any corrective action.

353.     As outlined above in the fraudulent inducement count, Paragon used fraud and deceit to sell and market the lots in Costa Rica.  In particular, Paragon falsely represented that all monies paid toward the land purchases were 100% refundable.  These representations were false when made as Paragon was depleting the monies it received in manner that would make refunds impossible.

354.     Plaintiffs invoke their right of rescission to cancel the Agreements for Deed and seek a full refund of all monies paid to Paragon.

355.     Plaintiffs have been damaged financially as a result of Paragon's intentional violation of the ILSFDA and as a result of Paragon's fraud.

356.     Paragon's intentional violation of the ILSFDA constitutes a felony.  *See* 15 U.S.C. § 1717.

### Count XI -- Fraudulent Transfers (Fla. Stat. § 726.105)

357.     Plaintiffs incorporate paragraphs 1 – 221.

358.     This count is asserted by all Plaintiffs against Judith Gale, Lisa Tashman, Julien Siegel and Mariland Tashman.

67
SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

359.     Named Plaintiffs and the members of the class are creditors of Paragon Properties of Costa Rica, LLC and Paragon Properties of Costa Rica, Inc., by virtue of the monies transferred to those entities for purposes of the alleged land transactions.  The deposit payments made by Plaintiffs and the members of the class were made to the trust account of Charles Neustein.  Neustein then transferred money paid by Plaintiffs and members of the class to Paragon Properties of Costa Rica, LLC and Properties of Costa Rica, Inc.  Paragon Properties of Costa Rica, LLC and Properties of Costa Rica, Inc. had no other known source of income than the money being transferred in through Neustein and some direct installment payments from purchasers.  All of these incoming revenues were from purchasers, like the Named Plaintiffs, and were deposits and other payments toward alleged property in the Paragon developments in Costa Rica.

360.     Rather than being held for purposes of reserves, paid for debt or purchase on the alleged property, or expended it on the land project, the money would flow out of Paragon Properties of Costa Rica, LLC and Properties of Costa Rica, Inc. to the family members of the principals behind those two entities (Stephan Tashman and William Gale).  The defendants in this Count, Judith Gale, Lisa Tashman, Julien Siegel and Mariland Tashman, are family members who were recipients of such transfers.

361.     For example, Paragon Properties of Costa Rica, LLC transferred hundreds of thousands of dollars to the personal credit cards accounts of Defendants Judith Gale, Lisa Tashman, and Julien Siegel.

362.     Paragon Properties of Costa Rica, LLC also paid tens of thousands of dollars to a Paypal account of Lisa Tashman.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

363.     Paragon Properties of Costa Rica, LLC also transferred tens of thousands of dollars to bank accounts of Lisa Tashman.

364.     Paragon Entities of Cost Rica, Inc. also paid money directly to Mariland Tashman and Julien Siegel.

365.     Paragon Properties of Costa Rica, LLC and Properties of Costa Rica, Inc. made the transfers to Defendants Judith Gale, Lisa Tashman, and Julien Siegel with the actual intent to hinder, delay, or defraud Plaintiffs and members of the class from obtaining the monies owed them.  This intent is evidenced by the facts: (1) the transfers were to family members of the two principals behind Paragon Properties of Costa Rica, LLC and Paragon Properties of Costa Rica, Inc.; (2) the transfers were not in relationship to goods or services provided; (3) shortly after the transfers ended, Paragon Properties of Costa Rica, LLC and Paragon Properties of Costa Rica, Inc. were insolvent; (4) claims for refunds had been made and were being made, while Paragon Properties of Costa Rica, LLC and Properties of Costa Rica, Inc. were transferring the funds to Judith Gale, Lisa Tashman, Julien Siegel and Mariland Tashman; (5) Paragon Properties of Costa Rica, LLC and Properties of Costa Rica, Inc. have effectively absconded by ceasing operations; and (6) the funds were not transferred for purposes of the land development project.

366.     The transfers to Defendants Judith Gale, Lisa Tashman, Julien Siegel and Mariland Tashman were fraudulent transfers for purposes of Fla. Stat. § 726.105.  As a matter of law, all monies from a fraudulent transfer must be returned to the Plaintiffs.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

## Prayer for Relief

All Plaintiffs (on their own behalf and on behalf of all others similarly situated) pray for the following relief: rescission of the Agreements for Deed, actual damages in the amount equal to the amount of money they respectfully paid the Defendants; treble damages equal to three times the amount of their actual damages pursuant to 18 U.S.C. § 1964; disgorgement of profits from Neustein and Paragon's unnamed counsel, punitive damages as a result of the Defendants' fraud; pre- and post-judgment interest and reasonably attorneys' fees and costs.

All Plaintiffs (on their own behalf and on behalf of all others similarly situated) request an injunction to temporarily and permanently enjoin the Defendants from accepting any additional funds from additional "buyers," and an injunction to temporarily and permanently enjoin Neustein from dispersing any of the buyers' property (either money or deeds) to anyone without Court approval.

All Plaintiffs (on their own behalf and on behalf of all others similarly situated) request restitution from all Defendants and yet unidentified co-Defendants/third-parties who were the recipients of fraudulent transfers. The Plaintiffs further request a constructive trust and lien on all assets of all Defendants and any yet unidentified co-Defendants/third-parties who were the recipients of fraudulent transfers.  All money deposited with Paragon via Neustein is tainted and no one may retain the tainted funds.

Plaintiffs' actual damages are liquidated.  The specific amount owed is identified on Exhibit C. Accordingly, the Plaintiffs' treble damages are also liquidated.

Respectfully submitted,

/s/ Matthew Sarelson
Matthew Seth Sarelson, Esq.
Fla. Bar No. 888281
Max Nelson, Esq.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

Fla. Bar No. 84532
**SARELSON LAW FIRM, P.A.**
1200 Brickell Avenue, Suite 1440
Miami, Florida 33131
305-379-0305
800-421-9954 (fax)
msarelson@sarelson.com


/s/ Paul B. Kunz
Paul B. Kunz, Esq.
Fla. Bar No. 159492
**BANDER & ASSOCIATES, P.A.**
444 Brickell Avenue, Suite 300
Miami, Florida 33131
305-358-5800
305-374-6593 (fax)
paul@bandervisa.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 15, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the forgoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


   /s/ Matthew Sarelson
Matthew Seth Sarelson, Esq.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 15, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the forgoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


　　　/s/ Matthew Sarelson
Matthew Seth Sarelson, Esq.

72
SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com

**Service List**
**Case No.: 10-21720-civ-KING**
**Case No.: 11-60647-civ-KING**

Matthew Seth Sarelson, Esq.
Fla. Bar No. 888281
Max M. Nelson, Esq.
Fla. Bar No. 84532
**SARELSON LAW FIRM, P.A.**
1200 Brickell Avenue, Suite 1440
Miami, Florida 33131
305-379-0305
800-421-9954 (fax)
msarelson@sarelson.com
mnelson@sarelson.com
Counsel for Plaintiffs

Paul B. Kunz, Esq.
Fla. Bar No. 159492
**BANDER & ASSOCIATES, P.A.**
444 Brickell Avenue, Suite 300
Miami, Florida 33131
305-358-5800
305-374-6593 (fax)
paul@bandervisa.com
Counsel for Plaintiffs

David H. Charlip, Esq.
Fla. Bar No. 329932
**CHARLIP LAW GROUP, LC**
17501 Biscayne Blvd., Suite 510
Aventura, Florida 33160
305-354-9313
305-354-9314 (fax)
dcharlip@charliplawgroup.com
Counsel for the Neustein Defendants

Jeffrey Tew, Esq.
Fla. Bar No. 121291
**TEW CARDENAS LLP**
1441 Brickell Ave, 15th Floor
Miami, Florida  33131
305-536-1112
305-536-1116 (fax)
Counsel for Defendants J. Gale, L.
Tashman,

J. Siegel, & M. Tashman

Joseph Ross Gibson, Esq.
**JOSEPH ROSS GIBSON, PA**
9112 Griffin Road, Suite E
Cooper City, FL 33328
954-434-1212
Fax: 954-533-7425
Email: josephrgibson@comcast.net

John Philip Hess, Esq.
1395 Brickell Avenue, Suite 800
Miami, Florida 33131
305-445-3525
305-447-1020 (fax)
jhess@johnphess.com

William Gale, *pro se*, via U.S. mail
1921 N.E. 205th Street
Miami, Florida 33179
Wagale@aol.com
Via email only

Stephen Tashman, *pro se*, via U.S. mail
822 Bryan Place
Fort Lauderdale, FL  33312

Larry Webman, *pro se*, via U.S. mail
1250 Hallandale Beach Blvd,
Suite 609
Hallandale, Florida 33009

Chester Potash, *pro se,* via U.S. mail
Inmate Number 02404-748
Federal Prison Camp – Miami
Miami, Florida 33177

Murray Linder, *pro se*, via U.S. mail
3754 N.E. 209th Terrace
Miami, Florida 33180

73
SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaConsumerLawyerBlog.com
www.Sarelson.com