UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-21720-CIV-KING
CASE NO. 11-60647-CIV-KING (Consolidated)

ANITA OGINSKI, et al,

    Plaintiffs,

v.

PARAGON PROPERTIES OF COSTA
RICA, LLC, et al,

    Defendants.
_____/

## ORDER DENYING MOTIONS TO DISMISS

**THIS CAUSE** comes before the Court upon the Motion to Dismiss Third Amended Complaint (DE #155) filed by Defendants Charles L. Neustein, P.A., Law Offices of Charles L. Neustein, P.A., and Charles L. Neustein, July 5, 2011, and the Motion to Dismiss Third Amended Class Action Complaint (DE #160) filed by Defendants All Star Consulting Group, Inc. and Bruce Goldberg July 18, 2011. The Court is fully briefed in the matter.[1]

---

[1] Plaintiffs filed a Response in Opposition to the Neustein Defendants' Motion to Dismiss (DE #184) August 2, 2011. Plaintiffs filed a Response in Opposition to All Star Consulting Group, Inc. and Bruce Goldberg's Motion to Dismiss (DE #181) July 29, 2011. Plaintiffs have also moved for attorneys' fees and costs against both sets of Defendants for filing these two Motions to Dismiss. (DE #182, DE#184). However, it is the practice of this Court to rule on fees and costs at the end of the litigation before the Court. Accordingly, Plaintiffs' Motions for Attorneys' Fees and Costs are denied at this time, without prejudice to re-file at the end of the case.

I.  **Background**

This case centers around a massive fraud relating to the sale of properties in Costa Rica. The Complaint was originally filed May 26, 2010. (DE #1). The Complaint has since been amended twice, and the Third Amended Complaint is now the operative pleading. The Third Amended Complaint was filed after the Court entered the Order Granting Motions to Dismiss Without Prejudice (DE #143), which granted three Motions to Dismiss the Second Amended Complaint. The Defendants who filed the two Motions to Dismiss now before the Court also filed two of the Motions to Dismiss the Second Amended Complaint that were granted.

The new Motions rely almost entirely on arguments raised in the previous motions to dismiss filed by the same defendants. (DE #77; DE #118). The Court granted those Motions Without Prejudice on May 16, 2011. Pursuant to the Order, Plaintiffs filed the Third Amended Complaint (DE #150) June 15, 2011. The previously-raised arguments in both Motions now before the Court were either rejected by the Court in the Order Granting Motions to Dismiss, or have clearly been remedied by the Third Amended Complaint. For example, Plaintiffs have now stated a breach of contract claim against Defendants All-Star and Goldberg,[2] and have adequately pled a breach of fiduciary duty claim against the

---

[2]Defendants All Star and Goldberg argue in their Motion to Dismiss that the counts in the Complaint asserted against them for Fraudulent Inducement and civil RICO should also be dismissed. (DE #160). However, upon review of the Third Amended Complaint, it is clear that only Count II, a breach of contract claim, is asserted against these Defendants. (DE #150 at 45–46). Accordingly, the Court will not address Defendants' arguments relating to dismissal of the other counts.

Neustein Defendants. To the extent that the Motions raise arguments already ruled on by the Court, the Motions are denied. This Order will therefore address only those issues that have not yet been addressed by the Court.

## II. Discussion

### A. Supplemental Jurisdiction

Both Motions argue that the Court should decline to exercise supplemental jurisdiction over Plaintiffs' claims based on state law. Defendants made the same argument in their previous Motions to Dismiss. Those arguments were implicitly rejected, as the Court did not dismiss the case for lack of jurisdiction. However, the Court did not explicitly address the supplemental jurisdiction issue.

In cases where district courts have original jurisdiction, district courts also "have supplemental jurisdiction over all other claims that are so related to the claims in the action within which such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). "The constitutional 'case or controversy' standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim." *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

Here, the same complicated set of facts underlies all of Plaintiffs' claims. Because all Plaintiffs' causes of action revolve around the land sales transactions, the Court concludes the state and federal claims "derive from a common nucleus of operative facts," such that the

exercise of supplemental jurisdiction is appropriate. *Vamper v. United Parcel Serv., Inc.*, 14 F.Supp. 2d 1301, 1305 (S.D. Fla. 1998) (King, J.) (exercising supplemental jurisdiction where all the plaintiff's claims "rely on the identical actions of defendants") (citations omitted). In addition, none of the statutory factors weighing against the exercise of supplemental jurisdiction are present here. *See* 28 U.S.C. § 1367(c). Finally, the Court notes that "concepts of efficiency and judicial economy, long recognized as central in the inquiry over supplemental jurisdiction, compel the Court to prevent duplicative litigation of Plaintiff's claims in both state and federal forums." *Vamper*, 14 F.Supp. at 1306. Here, Plaintiffs state and federal claims are so intertwined that dividing them would create unnecessary duplication of judicial effort in the state and federal forums.

**B.  Choice of Law**

For the first time, the Neustein Defendants argue that Plaintiffs may have failed to comply with the applicable statute of limitations for filing a breach of fiduciary duty claim. They argue that Plaintiffs reside in several states, and that the statute of limitations for this type of claim varies by state. (DE #155 at 7–8). However, Defendants do not actually move to dismiss claims by any specific Plaintiffs on this ground, and it is unclear what relief they seek by virtue of this argument.

In any event, at this stage, the Court is compelled to find that Florida law applies. A federal court sitting in diversity will apply the conflict-of-laws rules of the forum state. *Klaxon Co. V. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). "Florida resolves conflict-

of-law questions according to the 'most significant relationship' test outlined in the Restatement (Second) of Conflict of Laws." *Grupo Televisa, S.A. v. Telemundo Tele. Grp.*, 485 F.3d 1233, 1240 (11th Cir. 2007) (citing *Bishop v. Florida Specialty Paint Co.*, 389 So. 2d 999, 1001 (Fla. 1980)). Under the most significant relationship test, courts consider four factors in determining which state has the most significant relationship to the dispute: "(1) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." *Id.*

Accepting the facts pled in the Complaint as true, as the Court must at the pleading stage, all four factors weigh in favor of the application of Florida law. The injury occurred in Florida, where the escrowed funds were misappropriated and where the alleged breach of fiduciary duty occurred. Second, the conduct causing the injury (the misappropriation of the funds) occurred in Florida. Third, all three Neustein Defendants are based in Miami Beach, Florida. Finally, the center of the relationship between the Parties, as alleged, is Florida. Although the Plaintiffs reside in many different states, they knew they were dealing with Florida-based people and entities, and in fact mailed checks to the Neustein Defendants in Miami Beach, Florida. The Court also notes that Defendant Charles L. Neustein is a member of the Florida Bar. These facts, as alleged in the Third Amended Complaint, establish that

Florida has an overwhelming interest in this matter, and that the most significant relationship test is met.

### C.   Class Action Allegations

Both Motions also argue that this case is not appropriate for class-action treatment, and should therefore be dismissed. This argument was raised by these Defendants in their previous Motions to Dismiss. Again, the Court implicitly rejected it, as the case was not dismissed on this ground. Nonetheless, this argument was not addressed in the Court's Order.

The Court finds Defendants' argument for dismissal based on insufficient class action allegations should be rejected. Dismissal at this stage is an extreme remedy appropriate only where a defendant demonstrates "from the face of [the] complaint that it will be impossible to certify the classes alleged by the plaintiff[] regardless of the facts the plaintiff[] may be able to prove." *Romano v. Motorola, Inc.*, 2007 WL 4199781, at *2 (S.D. Fla. Nov. 26, 2007) (quoting *Bryant v. Food Lion, Inc.*, 774 F.Supp. 1484, 1495 (D.S.C. 1991)). "To dismiss Plaintiff[s'] class allegation before discovery would be an acknowledgment by this Court that class certification is impossible." *Id.* at *3 (declining to dismiss class allegations at motion to dismiss stage). Defendants' arguments related to Plaintiff' class allegations are better suited to an opposition to a motion for class certification, rather than as a basis for a motion to dismiss.

6

### III. Conclusion

Because the defects in the Second Amended Complaint discussed in this Court's Order Granting Motions to Dismiss Without Prejudice (DE #143) have been remedied by the Third Amended Complaint (DE #150), the Court finds that Plaintiffs have stated a cause of action for breach of contract against Defendants All-Star Consulting Group, Inc. and Bruce Goldberg. For the same reasons, the Court finds that Plaintiffs have stated a cause of action for breach of fiduciary duty against the three Neustein Defendants. For the reasons stated above, the remaining arguments advanced by these Defendants do not warrant dismissal.

Upon careful consideration of the record and the Court being otherwise fully advised, it is therefore,

**ORDERED, ADJUDGED** and **DECREED** as follows:

1. Defendants Charles L. Neustein, P.A., Law Offices of Charles L. Neustein, P.A., and Charles L. Neustien's Motion to Dismiss Third Amended Complaint **(DE #155)** and Defendants All Star Consulting Group, Inc. and Bruce Goldberg's Motion to Dismiss Third Amended Class Action Complaint **(DE #160) are DENIED.**

2. Plaintiffs' Motions for Attorneys' Fees and Costs **(DE #182; DE #184)** are **DENIED, without prejudice** to re-file after the conclusion of the case, as outlined above.

3.  Defendants **SHALL ANSWER** the Third Amended Complaint within **twenty (20) days** of the date of this Order.

**DONE AND ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 9th day of August, 2011.

*[signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc:
**_Counsel for Plaintiffs_**

**John Philip Hess**
1395 Brickell Avenue
Suite 800
Miami, FL 33131
305-445-3525
Fax: 305-447-1020
Email: jhess@johnphess.com


**Matthew S. Sarelson, Esq.**
Sarelson Law Firm, P.A.
1401 Brickell Avenue
Suite 510
Miami, FL 33131

**Paul Bernard Kunz, Esq.**
Bander & Associates
444 Brickell Ave.
Suite 300
Miami, FL 33131

**Maxwell Miller Nelson**
Sarelson Law Firm
1200 Brickell Ave. Suite 1440
Miami, FL 33131
3053790305

Fax: 8004219954
Email: mnelson@sarelson.com

*Counsel for Defendants*

**Jeffrey Allen Tew**
Tew Cardenas LLP
Four Seasons Tower
1441 Brickell Avenue
15th Floor
Miami, FL 33131-3407

**Spencer Allen Tew**
Tew Cardenas LLP
Four Seasons Tower, 15th Floor
1441 Brickell Avenue
Miami, FL 33131
305-536-1112
Fax: 305-536-1116
Email: st@tewlaw.com

**David H. Charlip, Esq.**
Charlip Law Group
17501 Biscayne Blvd
Suite 510
Aventura, FL 33160

**Joseph Ross Gibson**
Joseph Ross Gibson, PA
9112 Griffin Road, Suite E
Cooper City, FL 33328
954-434-1212
Fax: 954-533-7425
Email: josephrgibson@comcast.net

**William Gale**
2035 Harding Street Suite 201
Hollywood, FL 33020
PRO SE

**Murray Linder**
3754 NE 209th Terrace

Miami, FL 33180
PRO SE

**Stephen Tashman**
822 SW Bryan Place
Fort Lauderdale, FL 33312
305-206-1150
PRO SE

**Larry Webman**
1250 Hallandale Beach Blvd, Suite 609
Hallandale, FL 33009
PRO SE

**Chester Potash**
MIAMI FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 779800
MIAMI, FL 33177
PRO SE